CROSS v. GRAHAM.

5-395                                             272 S. W. 2d 682

Opinion delivered November 22, 1954.

278

*Cooper Jacoway* and *Joseph C. Kemp,* for appellant.

*Floyd Terral* and *Rose, Meek, House, Barron & Nash,* for appellee.

RICHARD L. ARNOLD, Special Associate Justice. The appellants are all former policemen of the City of Little Rock, Arkansas, now retired. The appellees are the trustees of the Little Rock Policemen's Pension Relief Fund. The appellants here and in the Court below urge that they are entitled to increased pensions under Act 226 of the 1947 Acts of the Arkansas Legislature and Act 281 of the 1953 Acts of the Arkansas Legislature. Some of the appellants were retired after the passage of Act 67 of the 1941 Acts, but prior to the passage of Act 226 of the 1947 Acts, and are now receiving pensions under said Act 67; various other appellants were retired after the passage of the 1947 Act and prior to the passage of the 1953 Act, and are now receiving pensions under the 1947 Act.

This Court, in the case of *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558, declared invalid Act 25 of the Acts of 1939, which undertook to set up a system of pensions for retired policemen. Thereafter Amendment No. 31 to the Constitution was proposed

and· adopted, and under the ·authority of said amendment, the 1941 Legislature then enacted Act 67. Said Act 67, as amended by the 1947 and 1953 Acts, is now found in § 19-1901, *et seq.,* Arkansas Statutes, 1947, Annotated.

Under § 13 of said Act 67, "if any member of the Police Department . . . shall become totally and permanently disabled from injury by accident (not intentionally self-inflicted), or shall, after having been on the force for a period of five years, become totally and permanently disabled from any cause whatever (except injury intentionally self-inflicted), the Board of Trustees shall retire such member . . . on a pension of $75.00 per month.

Similarly, under § 14 of the 1941 Act, "Upon application of any member of the Department who has been in service of the Department for twenty years or more . . . the Board shall retire such member upon a pension of $75.00 per month. . . .

Under § 1 of Act 226 of the 1947 Acts, § 13 of the 1941 Act "is hereby amended to read as follows: 'If any member of the Police Department of such city shall become totally and permanently disabled . . . upon application, the Board of Trustees shall retire such member from service on a pension of $100.00 per month. . . .' "

Section 2 of said Act 226 provides, in addition, that § 14 of the 1941 Act "is hereby amended to read as follows: 'Upon application of any member of the Department who has been in the service of the Department for twenty years . . . the Board shall retire such member upon a pension of $75.00 per month. . . .' " [1]

Thereafter the 1953 Legislature passed Act 281, § 3 of which provides:

". . . that § 13 of Act 67 of the General Assembly, as approved February 14, 1941, and amended by § 1

---

[1] The amendment provides further for the payment of $5.00 per month additional pension for each year over twenty worked by the pensioner, with a maximum allowable pension of $125.00 per month.

of Act 226 of the General Assembly, as approved March 18, 1947, be and the same is hereby amended to read as follows:

" 'If any member of the Police Department of said city shall become totally and permanently disabled . . ., upon application, the Board of Trustees shall retire such member from service on a pension of $125.00 per month.' "

Section 4 of said Act 281, in addition, provides:

". . . that § 14 of Act 67 of the General Assembly, as approved on February 14, 1941, and amended by § 2 of Act 226 of the General Assembly, as approved March 18, 1947, be and the same is hereby amended to read as follows:

" 'Upon application of any member of the Department who has been in the service of the Department for twenty years . . ., the Board shall retire such member upon a pension of $125.00 per month. . . .' "

The lower court held, in effect, that (a) neither Act 226 of 1947 nor Act 281 of 1953 was applicable to those of the appellants who had retired prior to the passage of the 1947 Act, and additionally, that Act 281 of 1953 was not applicable to those of appellants who had retired after the passage of the 1947 Act or prior to the passage of the 1953 Act; and (b) that if said Acts, or either of them, should be construed so as to apply to those of appellants who were already on the pension rolls at the time of the passage of said Acts, or either of them, said Acts would be, as so construed, unconstitutional. A majority of this Court agrees with the conclusion of the lower court as expressed in (a) above; and since such conclusion is determinative of this appeal, we find it unnecessary to reach or deal with the constitutional question in this opinion.

Upon careful examination of the statutory language involved, we have concluded that the various acts under consideration are, by their terms, plain and unambiguous, and that no resort to "construction," or the highly

technical and stylized rules sometimes employed by courts in aid thereof, is necessary. We think that, quite plainly, by the very language used by the Legislature, that body did not intend for the increased pensions to apply to persons already on the pension rolls. It has been declared by this Court in a multitude of cases that where the legislative language is plain and unambiguous, it remains only for the courts to give effect to the manifest intendment thereof without resort to "construction," or other judicial process which would alter or impair the obvious legislative purpose. *Wiseman, Commissioner of Revenues* v. *Affolter,* 192 Ark. 509, 92 S. W. 2d 388; *McClure* v. *McClure,* 205 Ark. 1032, 172 S. W. 2d 243; *City of Little Rock* v. *Arkansas Corporation Commission,* 209 Ark. 18, 189 S. W. 2d 382.

First: It appears that the Legislature, in dealing with these various pension statutes, has established a course of action under which, when it desired that the enactments apply to persons already on the retired list, it so stated in express words.

For example, under § 18 of the 1941 Act, it is provided that "if any policeman *or retired policeman* shall die, leaving a widow, the Board shall pay the widow a pension of $50.00 per month . . ." (emphasis supplied). Under § 20 of the same Act, moreover, it is provided that "*each policeman who has been retired under any pension laws in effect at the time of the passage of this Act shall be pensioned under the provisions of this Act.* Any widow or minor child of a deceased policeman or a *deceased retired policeman* now entitled to pension under existing laws shall be pensioned under the provisions of this Act" (emphasis supplied). Similarly, under § 2 of the 1953 Act, it is provided, "that § 18 of Act 67 of the General Assembly, as approved February 14, 1941, be and the same is hereby amended to read as follows: 'The Board shall pay the widow of any policeman or retired policeman, *including widows presently drawing a pension,* a pension of $75.00 per month' " (emphasis supplied).

Thus it appears, beyond the peradventure of a doubt, that the Legislature was mindful of the question of whether the various pension enactments should apply to pensioners already on the pension rolls, and in cases where it was the legislative will that the statutory provision should so apply, declared such intention in express terms. It is accordingly, therefore, we think quite clear that where there was no express direction that the enactment apply to persons already on the pension rolls, the Legislature intended that they be not so applied.

Second: In reaching our conclusion, we are impressed by the fact that in the 1941 Act, as well as in the 1947 and the 1953 amendments the beneficiaries under both the disability and the longevity sections are characterized as "any member of the Police Department" or "any member of the Department." A retired policeman is not a member of the Police Department, since his service and employment have terminated. Thus it appears to us that a pensioner already on the pension rolls is excluded from the operation of the amendatory sections in the 1947 and 1953 Acts by the very description of the class of persons intended as the beneficiaries of said amendments.

Third: The amendatory sections in each case employ the word "shall." We are of the view, therefore, that said sections are forward-looking in their operation, and envisage the attachment of certain rights to a pensionable status to be achieved in the future. The fact that events may have already transpired sufficient to create a pensionable status in certain persons no longer connected with the Police Department at the time of the passage of the enactments is entirely irrelevant.

Counsel for appellants press upon us the language of the emergency clauses of the 1947 and 1953 Acts, in support of their contention. The language employed in both Acts is as follows:

"It has been ascertained and found that living costs have advanced materially within the last few years; that food, clothing, and other necessities of life are much

more expensive, and that whatever benefits are to be had under the above amendments should become effective immediately. It is, therefore, declared that an emergency does exist, and that this act should take effect and be in force from and after its passage.''

We are unable to draw the same conclusion from the foregoing language which is reached by appellants; and this emergency clause is entirely as consistent with the view which we have expressed above as it is with appellants' contention. Surely increased costs of living and the means to meet them are a matter of as great concern to persons who will in the future become entitled to pensions, as they are to persons already on pension rolls.

In conclusion, we have examined carefully the authorities relating to amendments to pension statutes such as those now before the Court, and we are of the opinion that the rule stated by the Supreme Court of Illinois, in the case of *Miner* v. *Stafford, et al.,* 326 Ill. 204, 157 N. E. 164, expresses the better view and is approved by a majority of this Court as being supported by sounder reasoning than cases which arrive at an opposite result.

The judgment of the lower court is, therefore, affirmed.

Justices MILLWEE and GEORGE ROSE SMITH not participating.

Justices WARD, ROBINSON and Special Justice MAX REID dissent.