**Harlie E. ATCHISON et al., Appellants,**

v.

**RETIREMENT BOARD OF POLICE RETIREMENT SYSTEM OF KANSAS CITY, Missouri, Respondent.**

No. 48009.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1960.

Motion for Rehearing or to Transfer to Court en Banc or to Modify Opinion Denied Feb. 13, 1961.

Opinion Modified on Court's Own Motion Feb. 13, 1961.

Roy P. Swanson, Leo E. Eickhoff, Jr., John C. Thurlo, Arthur M. Wright, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, for appellants.

Franklin D. Glore, Kansas City, for respondent.

HOUSER, Commissioner.

Following the enactment of H. B. 544, Laws of Missouri 1957, p. 285, V.A.M.S. § 86.370 et seq., twenty-two retired police pensioners made a joint application to the Retirement Board of the Police Retirement System of Kansas City for the payment of increased pension benefits for 19 months from the effective date of the act in a sum aggregating $23,344.02, and for annual pensions thereafter in increased amounts computed under the new formula prescribed by H. B. 544. The board conducted a hearing, made findings of fact and conclusions of law, and denied the claims of applicants. On petition for review the Circuit Court of Jackson County affirmed the ruling of the

board. The pensioners have duly appealed from the judgment of the circuit court.

The first question for determination on this appeal is whether the provisions of H. B. 544 prescribing a new formula for the computation of pensions applies to members of the retirement system retired and drawing pensions under the law in effect prior to the enactment of H. B. 544. If so, the next question is whether the legislature has the power to enact legislation enlarging the vested rights of pensioners acquired under previously enacted legislation. A further question sought to be raised is the constitutionality of such an enactment.

House Bill 544 contains no provision specifically making the amendment applicable to retired members of the system. The applicability or nonapplicability to appellants of the provisions of H. B. 544 prescribing the new formula is a question of legislative intent, which involves a careful review of all of the provisions of the original Police Retirement Act and of all amendments thereto enacted prior to the enactment of H. B. 544 and a close scrutiny of H. B. 544 and of the language employed therein, under recognized rules of statutory construction.

The Kansas City Police Retirement System, established by Laws of Missouri 1945, pp. 1367–1378, became effective June 12, 1946. All persons entering the service as policemen thereafter became members of the system "as a condition of their employment." Under § 3(2) of the original act all policemen in service on that date became members of the system unless prior to the time the system became operative they filed a notice of election not to become a member, and a written waiver "of all present and prospective benefits which would otherwise inure" to the member or his beneficiaries on account of his participation in the system. On June 12, 1946 appellants were members of the police department in active service, employed for compensation by the board of police commissioners. Section 3(3) provided that "Any policeman whose membership is contingent on his own election and who elects not to become a member may thereafter revoke such election and become a member, * * *." It was optional with appellants whether they should participate in the system. By not filing the notice of election and waiver, they elected to come under the act. The system is contributory in nature. The original act provided for the deduction of 4% of a member's compensation and for the payment of this sum into the Pension Fund. By § 8(1) (b) "The deductions provided for herein shall be made even though the minimum compensation provided by law for any such member shall be reduced thereby. Every member shall be deemed to consent to the deductions made and provided for herein, * * *." By § 8(2) the city was obligated to contribute to the Pension Fund, $25,000 the first fiscal year and thereafter 6% of the compensation of the members, with certain additions. Section 6 provided the manner and terms of retirement; that any member in service as a policeman for compensation on the effective date of the act or any member who shall enter service thereafter "may retire" at age not less than 60 years with 30 or more years of creditable service, or at age 65 with at least 10 but less than 30 years of creditable service, and receive a pension. It specified the manner of calculating the amount of the pension, which was defined in § 1 to mean "annual payments for life, payable monthly, the first monthly payment to be made at the end of the first month after retirement, and all payments to cease with the last monthly payment preceding death, * * *." The amount of the pension was calculated upon a certain percentage of the particular member's "final compensation" in relation to the number of years of that particular member's membership service and prior service; it was a sum equal to one-sixtieth of "his final compensation, as defined in this Act," multiplied by the number of years of serv-

ice rendered after the effective date of the act, plus one-one hundred twentieth "of his final compensation (computed however as of the effective date of this Act)," multiplied by the number of years of prior service. The pension thus calculated was a certain, definite, fixed number of dollars. Pensions were limited to not more than one half of a member's final compensation and in any event to not more than $1,500 or less than $600 annually subject to certain limitations. Final compensation was defined generally as "the average annual compensation received by the member during the last ten years of creditable service prior to his retirement." The act did not provide for the recall of a retired member to active duty.

The 1945 act was amended in 1947, 1951, 1955 and 1957. Through the years "pension" has consistently been defined as "annual payments for life, payable monthly," beginning with the date of retirement and ending with death. In 1947 [1] an alternative method of computing the pension was provided in the case of members who attained age sixty-five with 10 or more but less than 30 years of creditable service. A limitation of $10 was placed upon the amount which might be deducted from the compensation of any member during any one month. In 1951 [2] provision was made with respect to retirement at age sixty that the pension be not more than one-half of the final compensation of a member and in any event not more than $1,800 and not less than $1,200 annually; with respect to retirement at age sixty-five that the pension be either in the amount as previously calculated or in a sum bearing the same ratio to $1,200 that the number of years of creditable service bears to 30, with a maximum of $1,800 annually, with no minimum mentioned. The

limitation on the permissible monthly deduction was raised from $10 to $12. In 1955 [3] final compensation was redefined as "the average annual compensation of a member during the ten years of his service for which he received the highest salary whether consecutive or otherwise." Sections 86.263 and 86.267 of the 1955 act appear in the left columns below. A new § 86.268 was enacted, as follows: "1. Those members having fifteen or more but less than thirty years of creditable service who prior to the effective date of this act have been retired on a pension shall be entitled to receive a minimum annual pension of nine hundred dollars beginning with the effective date of this act. 2. Those members who have less than fifteen years but more than ten years of creditable service who prior to the effective date of this act have been retired on a pension shall be entitled to receive a pension equal to five dollars per month for each year of his creditable service beginning with the effective date of this act. In no event, however, shall he receive less than six hundred dollars annually." Section 86.290 raised the deduction from the compensation of each member from 4% to 5%. Section 86.273 provided that upon proof of death of a member in service or "of a member after having been retired and pensioned," certain pensions and funeral benefits were to be paid to his widow and children under the age of 16. In 1957 [4] three sections of RSMo 1949, V.A.M.S., and seven sections of RSMo 1955 Supplement were repealed and thirteen new sections were enacted in lieu thereof. "Final compensation" was redefined as "the average annual compensation of a member during his service if less than five years or the five years of his service for which he received the highest salary whether consecutive or otherwise." Sections 86.263 [5]

1. Laws of Missouri 1947, Vol. I, pp. 425, 426.

2. Laws of Missouri 1951, p. 342.

3. Laws of Missouri 1955, p. 293.

4. Laws of Missouri 1957, p. 285 (H.B. 544).

5. Now § 86.433, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

and 86.267 [6] of that act appear in the right columns below.

All of the appellants are members of the Police Retirement System of Kansas City who retired from active service as police officers after rendering service for periods ranging from 19 years and 4 months to 39 years and 15 days. They had retired between May 16, 1952 and February 3, 1957. Each had applied for, had been granted and was drawing a pension under the pension law in effect at the time of his retirement. Each was in a retired status on August 29, 1957, the effective date of Laws of Missouri 1957, p. 285. Appellants range in age from 57 to 77 years. Their attained ages at date of retirement varied from 53 to 70.

The difference between the old and new sections is graphically illustrated by holding them up for comparison:

## Retirement After Thirty Years

| Laws of Missouri 1955, p. 296 | Laws of Missouri 1957, p. 288 (H. B. 544) |
|---|---|
| "Section 86.263. * * * | "Section 86.263.[5] * * * |
| "Any member in service as a policeman for compensation or on authorized sick leave of not exceeding one year, on June 15, 1946, or any member who shall enter service after that date | "Any member in service as a policeman for compensation or on authorized sick leave of not exceeding one year on June 15, 1946 or any member who shall enter service after that date, may retire when he has completed twenty-five or more years of creditable service and |
| *must* retire when he has completed thirty or more years of creditable | *shall* retire when he has completed thirty years of creditable |
| service and upon such retirement he shall receive a pension equal to *fifty per cent* of his final compensation, as defined in section 86.200. | service and upon such retirement he shall receive a pension equal to *two per cent* of his final compensation, as defined in section 86.200, *multiplied by the number of years of his creditable service.* |
| Such pension shall be not less than one thousand two hundred dollars annually. | Such pension shall be not less than one thousand two hundred dollars annually *and in any event shall not exceed sixty per cent of the member's final compensation.* |
| Contributions shall not be required of and no service credited | Contributions shall not be required of and no service credited |
| to any member after thirty years of service and he may continue in service by permission of the board of police commissioners on recommendation of the chief of police until he attains the age of sixty-five years." | to any member after thirty years of service and he may continue in service by permission of the board of police commissioners on recommendation of the chief of police until he attains the age of sixty-five years." |

5. Now § 86.433, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

6. Now § 86.437, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

Retirement At Age Sixty

Laws of Missouri 1955, p. 296

"Section 86.267. * * *

"Any member in service for compensation or on authorized sick leave of not exceeding one year on June 15, 1946, or who shall enter service after such date and who shall have attained sixty years of age and at that time shall have completed at least fifteen but less than thirty years of creditable service, *must* retire and shall receive an annual pension *in a sum bearing the same ratio to one-half* his final compensation as defined in section 86.200

*that* the number of years of his creditable service *bears to thirty.* In no event, however, shall he receive less than nine hundred dollars annually. Any member having completed ten years but less than fifteen years of creditable service may retire and receive an annual pension *in a sum bearing the same ratio to one-half*

his final compensation, as defined in section 86.200, *that* the number of years of his creditable service *bears to thirty.* In no event,

shall he receive less than five dollars per month for each year of his creditable service or six hundred dollars annually, whichever may be greater."

Laws of Missouri 1957, p. 289
(H. B. 544)
"Section 86.267.[6] * * *

"Any member in service for compensation or on authorized sick leave of not exceeding one year on June 15, 1946, or who shall enter service after such date and who shall have attained sixty years of age and at.that time shall have completed at least fifteen but less than thirty years of creditable service, *shall* retire and shall receive an annual pension *equal to two per cent of* his final compensation as defined in section 86.200

*multiplied by* the number of years of his creditable service. In no event, however, shall he receive less than nine hundred dollars annually. Any member having completed ten years but less than fifteen years of creditable service may retire and receive an annual pension *equal to two per cent of*

his final compensation as defined in section 86.200 *multiplied by* the number of years of his creditable service. In no event,

shall he receive less than five dollars per month for each year of his creditable service or six hundred dollars annually, whichever may be greater."

———◆———

The italicized portions of the old sections (left columns) were omitted in H. B. 544. The italicized portions of the new sections (right columns) are new matter included in H. B. 544 in lieu of the old matter omitted.

The first question is whether the new provisions italicized in the right column, effective on August 29, 1957, apply not only to members who shall have passed the eligibility requirements of age and creditable service after August 29, 1957, but also to members who attained eligibility prior to August 29, 1957, and who applied for and were granted retirement benefits under the then-existing pension law, commenced to receive and are still receiving pensions at the then-existing pension rates. In other words, did the legislature intend the new pension rates to operate prospectively and apply to applications for retirement filed after August 29, 1957, or was it intended that the new rates operate also retrospectively to cases which arose in the past?

6. Now § 86.437, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

The language of §§ 86.263 [5] and 86.267, [6] H.B. 544, does not indicate any legislative intention that it have retrospective effect. The language looks to the future, not to the past. Section 86.263 [5] provides that an eligible member "may retire" in certain instances and "shall retire" in others, and upon retirement "shall receive" a pension "when he has completed" the required number of years of creditable service. Section 86.267 [6] provides that an eligible member "shall retire and shall receive" a pension if he "shall have attained sixty years of age and at that time shall have completed" the required number of years of creditable service. This language is forward-looking in its operation. It confers rights upon persons who will attain a pensionable status in the future. The age of eligibility is to be attained in the future. The creditable service requirement is to be met in the future—after the effective date of H. B. 544. These sections do not refer or apply to members who, having met the age and service requirements prior to the enactment, had attained a pensionable status and had applied for and were receiving the allowance to which they had become entitled under former laws.

The applicable portion of the first two clauses of § 86.263 [5] of H. B. 544: "Any member in service as a policeman for compensation * * * on June 15, 1946, or any member who shall enter service after that date," defines and describes the classes of persons who, as members of the police retirement system, may become eligible for the benefits of the act and who are subject to the mandatory retirement provisions. The reference to members in service on June 15, 1946 (three days after the original act was approved) does not make the section retrospective in operation, but serves merely to identify one of the classes of persons who may become eligible. The three classes of persons described in the first portion of § 86.263 [5] include all persons remaining in service as policemen after retirements, resignations, discharges, deaths, etc., except those who have elected to reject the act.

The next clause: "may retire when he has completed twenty-five or more years of creditable service and shall retire when he has completed thirty years of creditable service" fixes the length of the period of creditable service required for permissible retirement and the limit of creditable service beyond which retirement is mandatory. The previously existing legislation (left column above) contained no such 25-year permissive retirement provision but only a 30-year or more mandatory retirement provision. Section 86.263, [5] therefore, created a new class and after August 29, 1957 any eligible person then falling in that class or thereafter completing 25 years of creditable service would attain pensionable status. All persons eligible for the benefits of the act who before August 29, 1957 had attained 30 years of creditable service (and not continuing in service by special permission under the last sentence of the section) had been obliged to retire under the mandatory provisions of the pre-existing legislation (left column above) and may be presumed to have complied with that law and retired. The legislature could not have intended the 30-year mandatory provision of § 86.263 [5] to apply to them. The only persons to whom the 30-year provision could apply would be those members who would complete 30 years of creditable service after the enactment of H. B. 544. Obviously, this refers to the future.

The next clause: "and upon such retirement he shall receive a pension" is prospective in word and intent, refers to the future, and applies to retirements for which application shall be made after June 19, 1957.

A similar analysis of § 86.267, [6] H. B. 544, leads to the same conclusion. In it the

---

5. Now § 86.433, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

6. Now § 86.437, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

legislature used the language "shall have attained" and "shall have completed," indicating even more convincingly an intention to legislate for the future and not for the past—prospectively and not retrospectively.

It is clear that the words "shall receive" relate to those eligible persons who shall have attained and completed the age and creditable service requirements. Appellants' suggested construction would relate the words "shall receive" directly to the words "Any member in service * * * on June 15, 1946," omitting the subsequent intervening qualifying language as to age and service requirements. This is a strained and artificial construction which ignores the words "and upon such retirement" preceding the words "shall receive" in § 86.263,[5] and divorces the terms "shall retire and shall receive" in § 86.267.[6]

Sixty-two years ago this Court, sitting en banc, in State ex rel. Heaven v. Ziegenhein, 144 Mo. 283, 45 S.W. 1099, in determining the validity of the Police Pension Law of 1895, had this to say about the operation of legislative enactments, 45 S.W., loc. cit. 1100: "Then, too, the law must be given a prospective operation, and its language indicates that such was the intent of the lawmakers. The words used are 'that any person so employed who shall serve for the period of twenty years or more may * * * be retired from active service.' This would seem to refer to services to be thereafter performed; and, applying the ordinary rules in the construction of statutes, this language would imply that the 20 years of service must be in the future, and necessarily after the passage of the act. The rule is that legislative enactments are held 'to operate prospectively, and not otherwise, unless the intent that they are to operate in such an unusual way, to wit, retrospectively, is manifest upon the face of the statute in a manner altogether free from ambiguity.' Leete v. State Bank, 115 Mo. 184–195, 21 S.W. 788, and cases cited."

In Cross v. Graham, 1954, 224 Ark. 277, 272 S.W.2d 682, 684, the legislature passed an amendatory act, Acts 1953, Act No. 281, §§ 3, 4, which provided that upon application the board "shall retire" from service any member "who has been in the service" for twenty years or who "shall become totally and permanently disabled," on a pension in a fixed amount, which was larger than that provided in previous legislation. Retired policemen already on the pension rolls sued for the increased pensions. In denying their claims the court noted that the amendatory sections employed the word "shall," and stated that "said sections are forward-looking in their operation, and envisage the attachment of certain rights to a pensionable status to be achieved in the future. The fact that events may have already transpired sufficient to create a pensionable status in certain persons no longer connected with the Police Department at the time of the passage of the enactments is entirely irrelevant." 272 S.W.2d, loc. cit. 685.

In Board of Trustees of Police Pension and Retirement System of Oklahoma City v. Burns, Okl.Sup.1959, 348 P.2d 1067, the legislature passed an amendatory act lowering the number of years required to be served to qualify for an additional pension allowance. It used the language: "shall be retired." 11 O.S.Supp.1957 § 541k. The court, denying to policemen who retired under the 1949 law the benefit of the 1957 amendment, said, 348 P.2d, loc. cit. 1069: "We think it clear from the plain provisions of [the statute as amended], that it looks to the future, as shown by the continued use of the word 'shall.' "

In the well-considered case of Miner v. Stafford, 326 Ill. 204, 157 N.E. 164, 165, the Supreme Court of Illinois considered a strikingly similar factual and legal situation. The Police Pension Fund Law of 1909, in effect when petitioner's husband was killed in the performance of police duty, entitled

---

5. Now § 86.433, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

6. Now § 86.437, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

the widow to $50 a month. She applied for and was receiving $50 a month when the legislature in 1923 amended the 1909 act so as to read in the same language except that the limitation of the amount of the pension was raised. Under the 1923 amendment petitioner would have been entitled to $60 a month. Applying for the larger pension, she took the position that the amendment simply repealed the old law and substituted a new and larger limitation which enlarged her rights. Repeating the "well-settled rule of statutory construction that a statute will not be given a retrospective effect unless the intention of the Legislature to give it such effect is clearly shown" the Supreme Court of Illinois quoted Endlich on Interpretation of Statutes, § 294, which is as follows:

> "* * * a statute which is amended is thereafter, and *as to all acts subsequently done,* to be construed as if the amendment had always been there, and the amendment itself so thoroughly becomes a part of the original statute that it must be construed in view of the original statute as it stands after the amendments are introduced and the matters superseded by the amendments eliminated." (Emphasis ours.)

and Black on Interpretation of Laws (1896), § 131, as follows:

> "An amendment of a statute by a subsequent act operates precisely as if the subject-matter of the amendment had been incorporated in the prior act at the time of its adoption, *so far as regards any action had after the amendment is made,* for it must be remembered that an amendment becomes a part of the original act, whether it be a change of word, a figure, line, or entire section, or a recasting of the whole language." (Emphasis ours.)

The court pointed out that the widow's case did not arise *after* the amendment of the section, but before, so that the rule of Endlich and Black had no application; that the widow's cause of action (for a pension of $50 a month) was governed by the statute in force when the cause of action arose and that "It was not affected by the subsequent change in the statute, which did not in express terms or by necessary implication declare that it should apply to cases which had arisen in the past." 157 N.E., loc. cit. 166.

Under these recognized rules of statutory construction H.B. 544, repealing §§ 86.263 and 86.267, RSMo 1949, V.A.M.S. and at the same time enacting in lieu thereof new §§ 86.263 [5] and 86.267,[6] retaining and repeating some and omitting some of the former sections and adding some new language, had this effect: First, it continued the former law retained, § 1.120, RS Mo 1949, V.A.M.S., which remained operative and effective as before, and that portion of these sections is to be considered as having been the law from the time it was first enacted. The part retained and repeated provided for a pension, thereby preserving appellants' pensions. (It is not true as appellants suggest, that the repeal of the previous law "left no statutory basis for the payment of pensions to previously retired police officers," or left appellants' rights "subject to speculation." After the enactment of H.B. 544 appellants continued to be entitled to draw their pensions, calculated on the basis of the old formula. §§ 1.150 and 1.170, RSMo 1949, V.A.M.S. See Miner v. Stafford, supra, 157 N.E., loc. cit. 166.) Second, it repealed that portion of the former law that was omitted (the old formula for computing pensions). Third, it enacted, as of the time H.B. 544 took effect, the new provisions (the new formula for computing pensions). Mott Store Co. v. St. Louis & S. F. R. Co., 254 Mo. 654, 163 S.W. 929, loc. cit. 931; Brown v. Marshall, 241 Mo. 707, 145 S.W. 810; State

---

5. Now § 86.433, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

6. Now § 86.437, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

ex rel. Klein v. Hughes, 351 Mo. 651, 173 S.W.2d 877, loc. cit. 880.

From a consideration of all of the provisions of the original act and subsequent amendatory legislation it is clear that the legislature established a comprehensive police retirement system, participation in which was voluntary, and membership in which created certain contractual relationships between the members and the retirement board whereby a member who made the necessary contributions to the fund and met the prescribed requirements of age and creditable service acquired specific contractual rights to the benefits provided by the retirement system. State ex rel. Phillip v. Public School Retirement System of City of St. Louis, 364 Mo. 395, 262 S.W.2d 569; State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68. Appellants' rights fully accrued and finally became vested rights when, after contributing to the fund through the years as required under the contract, and after attaining the retirement age and meeting the requirements of creditable service, they applied for and were granted pensions. Klamm v. State, 1955, 235 Ind. 289, 126 N.E.2d 487; Board of Trustees of Police Pension and Retirement System of Oklahoma City v. Burns, supra. Respondent concedes that each of appellants "had an absolutely vested right to their pension." Appellants tacitly admit "that the pensioners have a vested right to receive their pensions under the former laws." By vested rights is meant legal, private, substantial rights enforceable as long as the fund exists and the pension law remains unrepealed; rights which may not be denied without due process. State ex rel. Police Retirement System of City of St. Louis v. Murphy, supra. The extent of the rights which vested in appellants under their contracts of employment was governed by the terms of the contract, State ex rel. Thomson v. Giessel, 262 Wis. 51, 53

N.W.2d 726; Koehnlein v. Retirement System for Employees of Allegheny County, 373 Pa. 535, 97 A.2d 88, that is, by the controlling statute in effect at the time their rights to a pension vested, Ross v. Board of Trustees of Firemen's Relief and Pension Fund, 201 Okl. 476, 207 P.2d 254; Miner v. Stafford, supra; Linaka v. Firemen's Pension Fund of Philadelphia, 346 Pa. 459, 31 A.2d 122, which became a part of the contract of employment as much as if its provisions were written therein. State ex rel. Phillip v. Public School Retirement System of City of St. Louis, supra, 262 S.W.2d, loc. cit. 575. The controlling statutes in effect at the time appellants' pension rights vested expressed appellants' monetary rights under a formula which produced a certain number of dollars. Nothing in H.B. 544, expressly or by implication, extended the benefits of increased pensions to members who on the effective date of the act had retired from the service and whose rights had fully accrued and vested prior to the passage of H.B. 544.

Other sections of the act highlight this omission. Where an amendment to the pension law has been intended to apply to retired persons already on the pension rolls the legislature has carefully declared such an intention by expressly referring to them. Thus, by Laws of Missouri 1955, p. 293, the legislature enacted § 86.268 [7] prescribing minimum pensions for two classes of *members * * * who* prior to the effective date of this act *have been retired on a pension * * ** ," and § 86.273 [8] allowing additional benefits to the widow and children upon proof of the death of a member in service "or of the death of *a member after having been retired and pensioned, * * ** ." (Italics ours.) This emphasizes the fact that the legislature is fully cognizant of the distinction between active members in service and severed members in retirement, and that when it intends to legis-

---

7. Now § 86.440, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

8. Now § 86.447, V.A.M.S., 1960 Cumulative Annual Pocket Part. See Conversion Table.

late with reference to the latter it makes express reference to them in direct terms. The failure to expressly and directly apply the new formula to members who had been retired and pensioned shows that the legislature intended that the new formula not apply to them. In Cross v. Graham, supra, the Supreme Court of Arkansas, pointing out those instances in which the various pension acts and amendments referred to "retired policemen" or widows or children of "deceased retired policemen," or "widows presently drawing a pension," noted, 272 S.W.2d, loc. cit. 684, "that the Legislature in dealing with these various pension statutes, has established a course of action under which, when it desired that the enactments apply to persons already on the retired list, it so stated in express words. * * *. Thus it appears, beyond the peradventure of a doubt, that the Legislature was mindful of the question of whether the various pension enactments should apply to pensioners already on the pension rolls, and in cases where it was the legislative will that the statutory provision should so apply, declared such intention in express terms. It is accordingly * * * quite clear that where there was no express direction that the enactment apply to persons already on the pension rolls, the Legislature intended that they be not so applied."

We hold that the Legislature intended that H.B. 544 operate prospectively, i. e., that pensions, granted on applications for retirement filed after the effective date of the act (active policemen reaching retirement age and fulfilling their creditable service requirement after August 29, 1957) should be calculated under the new formula; that the legislature had no intention of applying the new formula to members of the system who had retired on pensions previous to August 29, 1957 and who were no longer in service, and that it does not apply to them. Miner v. Stafford, supra;

McCarrey v. Utah State Teachers' Retirement Board, 111 Utah 251, 177 P.2d 725; Linaka v. Firemen's Pension Fund of Philadelphia, supra. Accordingly, "in any case *arising under the law after the amendment,* the law is to be construed and will operate precisely as if the statute had from its first enactment been in the same words as after the amendment was adopted," Miner v. Stafford, supra, 157 N.E., loc. cit. 166, (emphasis ours), but all cases arising *before the amendment* will be governed by the old law in force when they arose.

Since the sections in question are not applicable to appellants, we decline to pass upon the further question whether the legislature has the power to pass a valid law specifically made applicable to those whose rights had vested under a former law, under basic principles of the law of contracts, nor will we give an advisory opinion on the question whether a law specifically increasing pensions of retired officers, fixed by acts in effect at the time of retirement, would constitute the granting of extra compensation after the rendition of services in violation of Constitution of Missouri, 1945, Article III, § 39, paragraph 3, V.A.M.S. Constitutional questions will not be determined unless their determination is essential to a proper determination of the case presented. State ex rel. State Board of Mediation v. Pigg, 362 Mo. 798, 244 S.W.2d 75.

For the reasons given the judgment of the Circuit Court is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.