ARKANSAS FIRE AND POLICE PENSION REVIEW
BOARD *v.* R.E. STEPHENS, et al.

91-265                                          832 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered June 8, 1992

538

*Winston Bryant*, Att'y Gen., by: *Mary B. Stallcup*, Senior Asst. Att'y Gen., for appellant.

*Kaplan, Brewer, & Maxey, P.A.*, by: *Philip E. Kaplan* and *Silas H. Brewer, Jr.*; and *Tom Carpenter*, City Attorney, by: *Melinda S. Raley*, for appellees.

STEELE HAYS, Justice. Appellees are former members of the Little Rock Fire Department, sixty years of age and over who retired before July 1, 1987, with more than twenty-five years of service. Appellant is the Arkansas Fire and Police Pension Review Board (the "Board"). Appellees brought this class action for declaratory relief against the City of Little Rock Firemen's Relief and Pension Fund and Arkansas Fire and Police Pension Review Board to determine whether Act 878 of 1987 [Ark. Code Ann. § 24-11-826 (1987) and Ark. Code Ann. § 24-11-432 (1987)] applies to them and other retirees. Act 878 provides an increased retirement benefit based on the number of years of service in excess of twenty-five years.

The Little Rock Pension Fund agreed that Act 878 was applicable to appellees and announced it was ready to pay such additional benefits when ordered to do so. The Board controverted, arguing that under the rule of prospectivity Act 878 had no application to the appellee.

By competing motions for summary judgment the Board and appellees agreed that no issues of fact existed, the only question being one of law. The trial court in a letter opinion denied the Board's motion and granted the motion of the appellees, holding they were eligible for increased benefits as provided under Act

878. The Board has appealed, alleging that the trial court erred in requiring a retroactive application of Act 878. We agree with that contention and accordingly the order appealed from is reversed.

Act 878, Section 1 (a) reads as follows:

> Beginning July 1, 1987, in addition to the monthly pension benefits as set forth in Act 491 of 1921, as amended, and Act 250 of 1937, as amended, for those policemen and firemen hired prior to January 1, 1983 and who continue to work beyond their twenty-fifth (25th) year, the member shall receive at age sixty (60) and thereafter a benefit on the amount equal to 1.25% of final salary attached to the rank which he may have held in the department preceding the date of such retirement times the number of years of service in excess of twenty-five (25) years up to a maximum total benefit of seventy-five percent (75%) of final salary.

The Board argues that statutes are to be construed as having only prospective operation unless a contrary intention by the legislature is expressly declared or necessarily implied. *Gannett River States Publishing Co.* v. *Arkansas Judicial Discipline & Disability Commission*, 304 Ark. 244, 801 S.W.2d 292 (1990); *Arkansas Rural Medical Practices Student Loan and Scholarship Board* v. *Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987); *Abrego* v. *United Peoples Federal Savings & Loan*, 281 Ark. 308, 664 S.W.2d 848 (1984). Citing *United States* v. *Security Industrial Bank*, 459 U.S. 70 (1982), the court in *Gannett* declared that statutes apply prospectively unless a retroactive operation is "the unequivocal and inflexible import of the terms and manifest intention of the legislature."

Here, as it did below, the Board relies on two cases involving pension statutes. *Snuggs* v. *State Employees Retirement System*, 241 Ark. 402, 407 S.W.2d 933 (1966) and *Cross* v. *Graham*, 224 Ark. 277, 272 S.W.2d 682 (1954). In *Snuggs* the court referred to "the usual presumption against retroactive legislation," and in *Cross*, we recognized a course of action by the legislature in pension enactments to make *express provision* for retirees if that was the legislative intent.

Appellees submit that pension statutes are to be liberally construed. *Looper* v. *Gordon*, 201 Ark. 841, 147 S.W.2d 29

(1941). They urge as well that it is unnecessary to give the act retroactive operation to sustain their position. Act 878, they maintain, simply applies from its date of beginning to retired and active firefighters alike, who are otherwise eligible. Nor do they admit to any ambiguity in the act which would permit reference to the title of the enactment for ·guidance. *Commercial Nat'l Bank* v. *Children's Hosp.*, 256 Ark. 1028, 511 S.W.2d 640 (1974). It is of first importance to the appellees to avoid reference to the act's title because its language is distinctly converse to the interpretation they propose. The title declares Act 878 is "to create an incentive for policemen and firefighters to remain in service after their twenty-fifth year by providing enhanced retirement benefits. . . ." In that regard it is immediately apparent that an incentive to promote longevity of service is not fostered by a monetary reward to those whose service has already ended. Only those presently in service can be prevailed on "to remain in service" and, hence, be motivated to extend such service. Nor can we agree that the act can be interpreted compatibly with the rule of prospectivity without limiting its effective application to those persons actively employed as of July 1, 1987.

■ Whether we look to the title or not, neither by express provision nor implication, does the act suggest that retroactivity is the intended result. It purports to apply to those individuals hired prior to January 1, 1983, "and who continue to work beyond their twenty-fifth year." The usage is clearly in the present tense, and it would require a distortion of the language to reach the result appellees favor. Beyond that, the act proceeds to direct that those policemen and firemen who continue to work "shall receive" the emolument prescribed in the act. Such words, as noted in the *Cross* case, "are forward-looking in their operation, and envisage the attachment of certain rights to a pensionable status to be achieved in the future." *Cross* v. *Graham, supra*, at 282.

■ The chancellor sought to distinguish the *Cross* case, pointing out that Act 878 does not amend prior law and contains no specific language limiting the class of firemen who are to receive the increased benefits. Of course, if the act satisfied the latter aspect it would provide its own solution. As to the former, it is true the act examined in *Cross* was amendatory, whereas Act 878 is not, but we do not regard that as controlling. It is clear Act

878 affects existing formulae for determining benefits to be paid to those who qualify after July 1, 1987, and, more important, we read the *Cross* opinion to be a general endorsement of the proposition that legislation affecting pension rights should contain an express provision if it is to be construed as having retroactive operation.

As to the matter of liberal construction, that broad rule of construction has its established and proper place in the law, but is seldom conclusive per se. It is but one of several aids of statutory construction. N. Singer, *Sutherland Statutory Construction* § 58.01, at 70 (5th ed. Supp. 1992). Liberal construction may not defeat the evident legislative intent implicit in the act. Where, as here, that intent is reasonably apparent, we are governed by it.

Reversed.