The Honorable Jan A. Judy State Representative 202 West Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following questions for my opinion:
 (1) Does Act 674 of 2003 change the existing law to give new authority to police and fire pension boards to raise surviving spouses' benefits in the future to exceed fifty percent of the ending salary of the pensioners?
 (2) If the current pensioners are receiving more than fifty percent of the ending salary, are the current surviving spouses limited to what they had been receiving prior to Act 674 until the pension board acts under A.C.A. § 24-11-102 to specifically raise the surviving spouses' benefits?
RESPONSE
Question 1 — Does Act 674 of 2003 change the existing law to give newauthority to police and fire pension boards to raise surviving spouses'benefits in the future to exceed fifty percent of the ending salary ofthe pensioners?
It is my opinion that Act 674 of 2003 changes the existing law to give new authority to police and fire pension boards to raise surviving spouses' benefits in the future to exceed fifty percent of the salary attached to the rank of the pensioner at the time of death.
Before discussing the basis for this conclusion, I will set forth the language of Act 674. It states in full:
 SECTION 1. Arkansas Code § 24-11-425(f), concerning pension benefits in the event of the death of an active or retired member of a police pension and relief fund, is amended to read as follows:
 (f)(1) The sum total of the pension to be paid the surviving spouse or the qualifying child of the deceased police officer shall not exceed one-half (1/2) of the salary attached to the rank the police officer held at the time of his or her death.
 (2) However, the limit on the sum total amount under subdivision (f)(1) of this section may be exceeded through benefit increases authorized under § 24-11-102.
 SECTION 2. Arkansas Code § 24-11-820(b)(3), concerning pension benefits in the event of the death of an active or retired member of a firemen's pension and relief fund, is amended to read as follows:
 (3)(A) The sum total of the pension to be paid the spouse or the qualifying children of volunteer or part-paid fire fighters shall not exceed one-half (1/2) of the salary attached to the rank the member held at the time of his or her death as an active member of a volunteer or part-paid fire department, nor shall it be less than thirty dollars ($30.00) per month.
 (B) However, the limit on the sum total amount under subdivision (b)(3)(A) of this section may be exceeded through benefit increases authorized under § 24-11-102.
Acts 2003, No. 674 (emphasis added).
The amending language of Act 674 refers to A.C.A. § 24-11-102, which states in pertinent part:
 (a) The board of trustees of a municipal firemen's relief and pension fund and the board of trustees of a policemen's pension and relief fund are authorized to increase benefits for future or current retired members and beneficiaries of the firemen's relief and pension fund or policemen's pension and relief fund.
A.C.A. § 24-11-102(a). The statute goes on to set forth the conditions that any increase must meet.
Your question apparently arises out of a concern as to whether Act 674 should be applied retroactively so as to require back payments to surviving spouses. It is my opinion that Act 674 should not be applied retroactively.
A well-established principle of statutory interpretation that has been consistently applied by the Arkansas Supreme Court is the principle that all legislation is presumed to apply prospectively unless the legislature expressly declares, or necessarily implies by the language used, an intent to give the legislation retroactive effect. Any doubt on the matter will be resolved against retroactive application. See, e.g., Cityof Cave Springs v. City of Rogers, 343 Ark. 652, 37 S.W.3d 607 (2001);City of Dover v. Barton, 337 Ark. 186, 987 S.W.2d 705 (1999). In the context of legislation affecting pension benefits, the court has explicitly stated that "legislation affecting pension rights should contain an express provision if it is to be construed as having retroactive operation." Arkansas Fire Police Pension Rev. Bd. v.Stephens, 309 Ark. 537, 541, 832 S.W.2d 239 (1992), citing Cross v.Graham, 224 Ark. 277, 272 S.W.2d 682 (1954). Act 674 of 2003 contains no indication whatsoever that it was intended to be applied retroactively.
It is my understanding that there is some concern that an argument could be made that the title of Act 674 may indicate an intent that the act apply retroactively. The title of the Act is: "An Act to Clarify the Authority of Police and Fire Pension and Relief Funds to Increase the Benefits for Surviving Spouses and Beneficiaries After the Death of an Active or Retired Member; and For Other Purposes." Acts 2003, No. 674, Title. The concern apparently arises out of the title's use of the word "clarify." The argument would be that this term indicates that the purpose of the act was not to grant new authority, but rather to make clear authority that already existed. If the authority already existed, the argument goes, surviving spouses would be entitled to increases that had already been enacted by the board. It is my opinion that this argument must fail for two reasons. First, it is appropriate to look to the title of an act only for the purpose of resolving ambiguities in the text. But if the text of the act is unambiguous, resort to the act's title is inappropriate. Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538
(1995). In my opinion, the text of Act 674 is unambiguous. Indeed, any ambiguity that might be raised concerning the retroactive application of the act arises out of the title itself. It is therefore particularly inappropriate to look to the title of Act 674 in interpreting the act. Second, even if the title is consulted in interpreting Act 674, it need not be interpreted to indicate retroactivity. Indeed, the title could easily be read to indicate simply that the act is intended to make clear that whereas there may have been some question in the past as to whether police and fire pension fund boards could increase surviving spouses' benefits, those boards will, as of the effective date of the act,
unquestionably have the authority to increase such benefits. Nothing about the word "clarify" necessitates a retroactive interpretation. For these reasons, any argument for retroactivity that relies upon the use of the word "clarify" in the title of Act 674 must fail.
I acknowledge that the court has made an exception to the presumption against retroactivity in some limited circumstances in which the legislation in question has been deemed to be procedural or remedial, rather than substantive. The exception applies only to legislation that does not disturb vested rights or create new obligations, but that instead only supplies a new or more appropriate remedy to enforce an existing right or obligation. AKA v. Jefferson Hospital Assoc.,344 Ark. 627, 42 S.W.3d 508 (2001). In my opinion, this exception cannot apply to Act 674 of 2003. Act 674 is substantive, rather than procedural, because by permitting an increase in benefits, the Act clearly creates new payment obligations for the pension fund. The exception to the presumption against retroactive application is therefore inappropriate with regard to Act 674. Act 674 must be interpreted to operate prospectively only.
Question 2 — If the current pensioners are receiving more than fiftypercent of the ending salary, are the current surviving spouses limited towhat they had been receiving prior to Act 674 until the pension boardacts under A.C.A. § 24-11-102 to specifically raise the survivingspouses' benefits?
It is my opinion that regardless of the amount current surviving spouses of police and fire pension fund members are receiving at present, the amount they receive can only be increased by specific action of the board pursuant to A.C.A. § 24-11-102. The provisions of A.C.A. § 24-11-102
appear to be the only source of authority upon which an increase in benefits paid to beneficiaries can be based.
It is my understanding that this question is based upon what appears at first blush to be a conflict between A.C.A. § 24-11-425(a)(1) and A.C.A. § 24-11-425(f). Section (a)(1) provides that the surviving spouse is to receive "an amount equal to the pension attached to the rank of the deceased police officer at the time of his or her death," whereas Section (f) provides that the surviving spouse is to receive an amount not to exceed "one-half (½) of the salary attached to the rank the police officer held at the time of his or her death." Apparently the question is based upon the idea that the board has authority under Section (a)(1) to pay surviving spouses more than is currently permitted under Section (f) and could therefore give surviving spouses an increase pursuant to Section (a)(1), without having to comply with A.C.A. § 24-11-102. It should be noted that my predecessor opined that there is no conflict between Section (a)(1) and Section (f), and that Section (f) should be interpreted to operate as a limitation on the amount permitted under Section (a)(1). See Op. Att'y Gen. No. 2002-236. Under that interpretation, the board does not have the authority to pay surviving spouses more than the amount permitted under Section (f). I agree with my predecessor's interpretation and conclude that it would be improper for a board to grant a surviving spouse an increase from the Section (f) amount to the Section (a)(1) amount without complying with the requirements of A.C.A. § 24-11-102.
I note that if a particular pension board had previously (i.e., prior to the effective date of Act 674 of 2003) opted to pay surviving spouses in accordance with Section (a)(1), rather than under the limitation language of Section (f), that amount can now only be increased under the authority of A.C.A. § 24-11-102 and in accordance with that statute's required mechanisms and conditions. I believe that Act 674 makes clear that increases must be accomplished through A.C.A. § 24-11-102.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General