The Honorable Sharon Trusty State Senator P.O. Box 9026 Russellville, AR 72811
Dear Senator Trusty:
You have requested my opinion on a matter involving several retirees who are vested in the Russellville Police Pension and Relief System and who would like to participate in the municipal health care plan. You state that these retirees retired before A.C.A. § 24-12-129 became effective. Given this circumstance, you have asked:
 (1) Are these retirees eligible to participate in Russellville's current health care plan?
 (2) If so, are there any circumstances under which Russellville may deny them the opportunity to participate in the plan?
 RESPONSE
Question 1 — Are these retirees eligible to participate in Russellville'scurrent health care plan?
As an initial matter, I note that the original version of A.C.A. §24-12-129 became effective on July 28, 1995. See Op. Att'y Gen. No.95-119. It is my opinion that if the retirees in question retired before that date, they are not eligible to participate in the municipal health care plan.
The current version of A.C.A. § 24-12-129 states:
 When any municipal official or municipal employee age fifty-five (55) or over who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan.
A.C.A. § 24-12-129.
A well-established principle of statutory interpretation that has been consistently applied by the Arkansas Supreme Court is the principle that all legislation is presumed to apply prospectively unless the legislature expressly declares, or necessarily implies by the language used, an intent to give the legislation retroactive effect. Any doubt on the matter will be resolved against retroactive application. See, e.g., Cityof Cave Springs v. City of Rogers, 343 Ark. 652, 37 S.W.3d 607 (2001);City of Dover v. Barton, 337 Ark. 186, 987 S.W.2d 705 (1999). In the context of legislation affecting pension benefits, the court has explicitly stated that "legislation affecting pension rights should contain an express provision if it is to be construed as having retroactive operation." Arkansas Fire Police Pension Rev. Bd. v.Stephens, 309 Ark. 537, 541, 832 S.W.2d 239 (1992), citing Cross v.Graham, 224 Ark. 277, 272 S.W.2d 682 (1954). The provisions of A.C.A. §24-12-129 do not express any intent that the benefit created therein be applied retroactively.[1]
One of my predecessors in office applied the presumption discussed above to the provisions of A.C.A. § 24-12-129 and concluded that persons who retired prior to the effective date of the original version of that statute (Act 664 of 1995) are not entitled to have the act operate retroactively so as to allow them to participate in the municipality's health care plan. See Op. Att'y Gen. No. 95-279. I agree with that analysis, and therefore conclude that if the retirees in question retired prior to the effective date of Act 664 of 1995 (July 28, 1995), they are not eligible to begin participating in the municipal health care plan under the provisions of A.C.A. § 24-12-129 now.
Question 2 — If so, are there any circumstances under which Russellvillemay deny them the opportunity to participate in the plan?
As discussed in response to Question 1, the city may deny the retirees the opportunity to participate in the municipal health care plan if they retired prior to the effective date of the original version of A.C.A. §24-12-129.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that A.C.A. § 24-12-130, as amended byAct 1098 of 1997, includes a grandfather clause that extends the benefit created by the current version of A.C.A. § 24-12-129 (as also amended by Act 1098 of 1997) to certain persons who retired after the effective date of the original version of A.C.A. § 24-12-129 (July 28, 1995) and before the effective date of the current version of the statute (August 1, 1997). For a discussion of this issue, see Op. Att'y Gen. No.2003-234.