The Honorable Dustin McDaniel State Representative 400 South Main Street Jonesboro, AR 72401-2963
Dear Representative McDaniel:
I am writing in response in response to your request for my opinion on the following question:
 Can local property taxes that were levied to support a local pension plan be used as revenues for all LOPFI matching contributions?
RESPONSE
Although there is authority under certain circumstances, as discussed below, for using local pension funds to make payment for coverage of employees under LOPFI,[1] I have found no authority for the general proposition that taxes levied to support a local plan can be used as revenues for all LOPFI contributions. The answer to your question as posed is therefore "no."
I assume as an initial matter in addressing this question that the "local property taxes" you refer to were levied under chapter 11 of title 24 of the Arkansas Code, which authorizes cities to levy a special property tax to provide revenues for police or fire retirement. See A.C.A. §§ 24-11-404
(police) and -812 (fire) (Repl. 2002).[2] It is my further assumption from your reference to a "local pension plan" that a local police or fire pension and relief fund was created and that your question pertains to taxes that were levied to support the local plan. See generally A.C.A. §§24-11-401 et seq. and -801 et seq. This leads me to conclude, as an initial matter, that the general authority for levying the tax to cover policemen or firemen under LOPFI is inapplicable.[3]
With regard to the possible circumstances under which a property tax levied for a local police or fire pension plan might be used as revenues for LOPFI contributions, several factors likely bear on the matter, including the number of members in the local plan, the status of the plan as either active or inactive, and administrative responsibility for the pension fund. For instance, in the case of certain small police and fire pension funds, a local millage can be used to make employer contributions to LOPFI provided the fund has been designated as "inactive." The relevant authority is A.C.A. §§ 24-11-406 (police) and 24-11-804 (fire). These statutes provide in pertinent part as follows:
 (a) In those local [police or fire] pension and relief funds which cover less than four (4) active members, a local board of trustees may no longer exist, and the pension fund may be designated as inactive by the employer.
 (b) Administrative responsibility for the fund shall be assigned to the Arkansas Local Police and Fire Retirement System, as allowed by 24-10-301 and 24-10-302. . . .
The decision to have a small local pension fund administered by LOPFI lies within the discretion of the employer. See Op. Att'y Gen. 2000-238. If the decision is made to designate the local fund as "inactive," a retirement reserve is computed and transferred to LOPFI for administration. A.C.A. § 24-11-406(b)(1) and -804(b)(1). The statutes also provide that the employer in that case may "continue to collect such millages . . . and other revenues as allowed by law for the support of [police or fire fighter] retirement programs." Id. at (b)(5)(A) and (b)(4)(A), respectively. I interpret this to include a special property tax levied under either A.C.A. §§ 24-11-404 (police) or -812 (fire),supra. The statutes further provide that the revenues in that instance are deposited locally in an account designated by the employer solely for contributions to LOPFI. A.C.A. §§ 24-11-406(b)(5)(B) and -804(b)(4)(B). Payment is made according to the following:
 All employer contributions for inactive funds shall be made in such amounts, and in such manner, form, and frequency, as the Board of Trustees of the Arkansas Local Police and Fire Retirement System shall require.
Id. at (b)(6)(A) and -804(b)(5)(A).
Another possible scenario involves a city that opts for LOPFI coverage of its officers pursuant to A.C.A. § 24-10-302 (part of the act that established LOPFI). This statute authorizes a city, by agreement with the LOPFI board, to convert past service under a previous plan (that was sufficiently similar to LOPFI) to credited service under LOPFI. It states in pertinent part:
 (d)(1) In the event an employer has in effect for all or part of its employees a plan similar in purpose to this system, then by agreement with the [LOPFI] board, after the board has received the advice of its technical advisors concerning the agreement, that employer may provide for coverage under this system of either part or all of the employee's employment previously covered or coverable by the other plan, but only if the coverage and resulting benefits under this chapter do not duplicate any benefits previously provided by the other plan.
 (2) In providing for such coverage, an employer and the board shall pursue uniform policies and shall not discriminate in favor of or against any employee or group of employees.
A.C.A. § 24-10-302(d) (Repl. 2002).
If such an agreement is entered, the local pension fund would be administered by the LOPFI board, thereby placing the money in the local fund within the administration of the LOPFI board. See Op. Att'y Gen.96-192. Although the statute is not explicit in this regard, this presumably would result in the tax that was levied to support the local plan being used for employer contributions to LOPFI.
As you can see, the provisions discussed above apply under specific circumstances and offer no authority for using a property tax that was levied for a local police or fire pension plan as revenues for all employer contributions to LOPFI.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The term "LOPFI" is an acronym for the Arkansas Local Police and Fire Retirement System, which is a program administered on a statewide level in accordance with chapter 10 of title 24 of the Arkansas Code. Under current law, it is possible that certain members of a local department will be covered under LOPFI while others (whose membership predated the creation of LOPFI in 1983) might be covered under a locally administered fund. For a full discussion of the law in this regard, see Op. Att'y Gen. No. 2001-155.
[2] These statutes comprise the enabling legislation for Amendment 31
to the Arkansas Constitution, which authorizes a tax not to exceed one (1) mill for police and fire pensions, respectively, following an election. See generally Cross v. Graham, 224 Ark. 277, 272 S.W.2d 682
(1954).
[3] Arkansas Code title 24, chapter 11, contains authority for cities that cover their police officers and/or fire fighters under LOPFI, and that never covered them under a local fund, to levy and collect the described special property tax and deposit the proceeds in the city's account in the LOPFI system. See A.C.A. §§ 24-11-404(b)(1), (c) and (f) (police) and 24-11-812(b)(1), (c) and (f) (fire). It must be emphasized, however, that these statutes only apply in the circumstance where a cityhas not created a local pension and relief fund. Cf. Att'y Gen. No. 2001-059. (addressing the proper disposition of forfeitures and fines under A.C.A. § 24-11-413, and distinguishing in this regard between cities that maintain a local police pension fund and those that never create a local fund but deposit the special property tax into the city's account in LOPFI). Because your question contemplates the existence of a local plan and hence a local fund, it appears that the authority under Ark. Code chp. 11, tit. 24 for levying the local property tax and applying the revenues to a LOPFI account is inapplicable.
As discussed later in this opinion, an employer with a local pension fund may, under certain circumstances, use its local millage to cover employees under LOPFI. But this is under separate statutory authority, distinct from that noted above.