CITY OF LITTLE ROCK *v.* HOCOTT.

4-9687 247 S. W. 2d 1012

Opinion delivered April 21, 1952.

*O. D. Longstreth, Jr., Osro Cobb* and *Dave E. Witt,* for appellant.

*Martin K. Fulk,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, J. J. Hocott and wife, own acreage property in the form of a ravine which lies between North Lookout Street and Kavanaugh Blvd. in the City of Little Rock. Under a 1937 zoning ordinance the eleven-acre tract is classified as being in

"A", One-Family Residential District. Appellees petitioned the city for reclassification of the property to "D", Apartment District, and their petition was referred to the City Planning Commission which approved the application. Upon the protest of property owners residing in the vicinity the City Council rejected the application. Appellees then instituted this suit against the city for reclassification of their property as prayed in the petition.

Appellees alleged that the zoning ordinance as applied to the area in question and insofar as it restricts the use of such property to classification "A", One-Family District, is unreasonable and arbitrary in that it constitutes an unlawful deprivation of the rights of appellees to the use of their property.

The protesting property owners intervened alleging that appellees knew the zoning status of the property at the time of its purchase and that a rezoning thereof as proposed would result in irreparable loss in property values to said interveners. The City of Little Rock and the interveners have appealed from a decree in favor of appellees.

The property in question is bounded on the west by a business district fronting on Kavanaugh which at that point curves eastward so as to also become the north boundary of the tract. The property is bounded on the south by North Lookout Street and on the east by Allsopp Park which is a continuation of the wooded ravine eastward. There is a rise of approximately 90 feet from the bottom of the ravine to Kavanaugh Blvd. on the north in a distance of about 300 feet and a similar rise of about 60 feet in a distance of approximately 250 feet to North Lookout Street on the south. From that part of Kavanaugh which forms the northern boundary of the area in question there is a further rise in terrain of about 50 feet in a distance of approximately 200 feet northward to the level of Crestwood Drive. The residences on the south side of Crestwood Drive face north with rather steep backyards extending toward Kavanaugh. There

are residences on North Lookout Street on the south facing the area in question.

Appellees employed experienced real estate agents and builders to determine a feasible use and development of their property for residential purposes. These experts concluded that the property could only be properly developed by using it for one and two-story apartments, housing two, three and four families each. The two-story apartments would be built on the steep sides of Kavanaugh and North Lookout facing such streets with access to the top-story apartments from the street and to the first-story apartments at ground level by means of an access road in the valley. The other units would face the access road.

A plat of the property in accordance with the proposed development together with a bill of assurance containing the usual restrictive covenants for the protection of property owners was prepared and filed with appellees' petition for reclassification. Under the proposed plan of development the estimated cost of site improvement alone consisting of grading, paving, terracing, etc. is $50,000. The apartment buildings would cost from $15,000 to $35,000 each, excluding costs of the lots, and the units would rent for $80 to $100 each monthly.

The consulting engineer who prepared the plat of the proposed improvement and three experienced real estate agents testified on behalf of appellees. The effect of their testimony is that use of the property in question for one-family residences is impractical and economically unsound because the rough nature of the steeply sloping terrain renders foundation costs excessive and prohibitive for that type construction. While these witnesses testified that it was not impossible to build one-family residences on the property, they stated that the foundation costs would be prohibitive within the price ranges of single-family houses that could be constructed on that terrain and sold to the public.

There was evidence that the residences along North Lookout Street opposite the south side of appellees' property were built with comparatively small foundation costs

because they were on a down slope which could be leveled by bulldozers. The north and south sides of the area in question are much steeper and two-story apartments with the first story below street level could be constructed without such excessive foundation costs as would be required for a one-family residence.

The witnesses for appellees were positive in their opinion that the proposed development would not adversely affect the value, occupancy, or use of other residential property in the vicinity. Some of them testified that the value of adjacent residential property would be enhanced by the development. The City Planning Director, who is an experienced zoning engineer, stated that construction of the development in conformity with the plans and bill of assurance would not have the effect of lowering the value of adjacent properties.

Opposed to this evidence is that of two property owners who reside on North Lookout Street and eight others who have homes on Crestwood Drive. They testified they purchased their homes in reliance on the one-family zoning classification and that the proposed development would in their opinion lower the value of their properties. One of the residents on North Lookout had a duplex adjacent to his residence on the west and in his opinion this structure did not detract from the neighboring property. Only one property owner gave any reason for his conclusion that decreased values would result from the proposed construction. He felt there would be an increase in the number of garbage cans, traffic and noise over that existing in a one-family district. Most of the interveners reside on Crestwood Drive with the rear of their houses facing the area in question and about 150 feet higher than the lowest level of the ravine. The development could not be seen from the front of the homes on Crestwood, but would be observable from the backyards of some of the houses on the street. There was no evidence that the development as proposed would be unsightly.

The City Planning Director testified that a development of the area in question as a continuation of Allsopp

Park would be more satisfactory than that contemplated by appellees, but only if the business district on the west was taken out.

An engineer testified on behalf of appellants that the area in controversy is suitable for building one-family residences. He mentioned other additions where homes were built on varying slopes up to 35 or 40 percent, but stated that the steeper slopes of the property in question ranged as high as 50 or 60 percent. There is also evidence that schools in the area are already overcrowded, but most of the witnesses conceded this to be a state-wide condition.

Thus we have a conflict in the evidence as to whether the area in question is susceptible of use or development for one-family residences, as restricted by the ordinance, and also whether the development and use contemplated by appellees would adversely affect the value and use of other residential property in the neighborhood. If both questions are answered in the negative, then the action of the council in rejecting the petition of appellees is unreasonable and arbitrary, as applied to the area in question, in that it constitutes an unlawful deprivation of the use of the property by appellees. We have uniformly upheld the finding of the chancellor on the question as to whether the classification of property by zoning authorities is unreasonable and arbitrary where such finding is supported by the preponderance of the evidence. *City of Little Rock* v. *Sun Building & Developing Co.,* 199 Ark. 333, 134 S. W. 2d 582; *City of Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446.

We cannot say that the finding of the chancellor is against the preponderance of the evidence in the instant case. However, this does not mean that appellees may proceed with a construction project that is not in substantial conformance with the plan and bill of assurance which the City Planning Commission approved. The opinion of the expert witnesses that the proposed development would not adversely affect adjacent property values is predicated on the assumption that appellees proceed in accordance with the plan and bill of assurance.

Appellants are entitled to protection from any inferior or less sightly type of construction which might well be calculated to affect adjacent property values adversely.

The decree is affirmed.

GRIFFIN SMITH, C. J., not participating.