GROVER EDWARD SNUGGS *v.* BOARD OF TRUSTEES OF ARK. STATE EMPLOYEES RETIREMENT SYSTEM ET AL

5-4022                                    407 S. W. 2d 933

Opinion delivered November 14, 1966

*G. E. Snuggs,* pro se.

*Bruce Bennett,* Attorney General; *Wm. Powell Thompson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1957 the legislature adopted a comprehensive retirement system for public employees. Ark. Stat. Ann., Title 12, Ch. 25 (Supp. 1965). The appellant, as a former court reporter, was a member of the system until he retired on July 1, 1963. In 1965 the legislature, by Act 153, increased the benefits provided by the retirement plan. The trustees in charge of the system refused to recognize the appellant's right to share in the increased benefits. Snuggs then brought this suit for a writ of mandamus to compel the trustees to increase his retirement pay in conformity with the 1965 statute. The chancellor upheld the trustees' position in the matter.

We agree with the chancellor, for there are two provisions in the 1965 act which make it clear that the increase in benefits was not meant to be available to employees who had already retired. First, the increase in benefits is authorized by Section 11 of the 1965 act, which applies to "[a]ny member who retires." Snuggs, however, was not a member of the system in 1965, because the original act, as amended in 1959, included this provision: "Upon a member's retirement or death he shall thereupon cease to be a member of the System." Ark. Stat. Ann. § 12-2507 (Supp. 1965). In a similar situation, in *Cross* v. *Graham,* 224 Ark. 277, 272 S. W. 2d 682 (1954), we held that a retired police officer was not a "member" of the police department and therefore was not eligible for a pension increase that applied to members of the department.

Second, under the original retirement plan the contributions made by each employee (and matched by his

employer) are deposited in the "members deposit account" in the state treasury. Sections 12-2504 and 12-2508. The latter section goes on to provide that upon the retirement of a member the accumulated contributions standing to his credit in the members deposit account shall be transferred to the retirement reserve account. Hence upon Snuggs's retirement his individual members deposit account ceased to exist.

One effect of the 1965 act was to permit members of the system to enjoy greater benefits, the increase being based upon public employment that occurred before the effective date of the original retirement system. But to participate in the enhanced benefits each member is required to pay in cash an amount equal to the contributions that would have been deducted from his salary if the system had been in effect when he first became a public employee. These payments shall be credited to "the member's individual account in the members deposit account." Section 11 of Act 153 of 1965. Inasmuch as Snuggs and other retired employees no longer had individual members accounts when Act 153 became effective, the language of the statute is not applicable to them. We conclude that the usual presumption against retroactive legislation is reinforced in this case by the express language of the act.

Affirmed.