H. W. ROHRSCHEIB v. BARTON-LEXA WATER ASS'N. ET AL

5-4916                                                    437 S.W. 2d 230

Opinion Delivered February 17, 1969

*Ralph C. Murray* for appellant.

*W. G. Dinning, Jr.* and *James P. Baker Jr.* and *Rose, Meek, House, Barron, Nash & Williamson* for appellees.

CARLETON HARRIS, Chief Justice.    Appellee, Barton-Lexa Water Association, is a non-profit corporation, incorporated under the provisions of Ark. Stat. Ann. § 64-1901—1919 (Repl. 1966).    Section 64-1904 sets out the purposes for which these corporations may be created. Section 64-1905 prescribes the procedure to be followed by any "association of persons" desiring to be incorporated under the act.    Appellee association was formed for the purpose of constructing a water distribution system to serve a particular rural area in Phillips County.    Under the articles of incorporation, appellee's objective is to associate its members together for their mutual benefit, to construct, maintain, and operate a private water system for the supplying of water to members, and to engage in any activity related to this purpose.    Under the by-laws, the corporation will admit as members water users who are in need of water supplied from the water system maintained and operated by Barton-Lexa; however, the association is not required to admit members if the capacity of the water system is already exhausted by the needs of the present membership.    The proposed user is required to have reasonable access to the source of the water, and such water may be obtained for domestic, commercial, industrial, or agricultural purposes.    Section 3 of the by-laws provides, *Inter alia,* that words importing persons shall include partnerships, associations, and corporations organized or authorized to do business in this state.

Appellee, C. C. Warfield is a resident of Phillips County who is engaged in the ginning business under

the name of Lexa Gin Company. Appellee, A. T. & G. Company, Inc., is a Michigan corporation authorized to do business in this state. Both Warfield and A. T. & G. are members of the association. H. W. Rohrscheib, appellant herein, is likewise a member of the association, and on December 31, 1968, he instituted suit in the Phillips County Chancery Court against appellees, asserting that the association proposed to construct a water distribution system for the purpose of providing water to members of the association, and had already received a commitment from the Farmers Home Administration, United States Department of Agriculture, to receive a loan sufficient to construct this system. Further, it was alleged that Barton-Lexa proposed to sell water to Warfield and A. T. & G. for their use in commercial and industrial enterprises, which appellant alleged was not authorized by law. It was asserted that only natural persons may be members of non-profit corporations of the type herein involved, and it was alleged that the Chancellor erred in holding that business corporations, and persons engaged in commercial ventures, might be members of a non-profit corporation. After the filing of an answer, the case was submitted to the court on the pleadings and an agreed stipulation of facts. From a decree dismissing appellant's complaint comes this appeal.

We do not agree with appellant that only natural persons can become members of the non-profit corporations provided for in this statute. Ark. Stat. Ann. § 1-202 (Repl. 1956), which has been a part of our law since 1837, provides:

"When any subject-matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons and females as well as males, and *bodies corporate as well as individuals*, [our

emphasis] shall be deemed to be included.'"

In *State ex rel Attorney General* v. *Gus Blass Company,* 193 Ark. 1159, 105 S.W. 2d 853, we pointed out that in a statute using the word "person," the statutory rule is that it includes corporations as well as individuals. As stated by appellee, if the General Assembly had intended that only natural persons be permitted to become members of non-profit corporations, it could easily have inserted this language. That the Legislature was aware of this normal statutory meaning of the word "persons" is made clear in § 64-1907. There, in setting out the powers of non-profit corporations, Subsection (g) provides that each corporation shall have power to do any and all things necessary or incidental to the attainment of its purposes as fully and to the same extent as *natural persons* lawfully might do consistent with the provisions of the act. We agree with the Chancellor's finding that membership in the Barton-Lexa Water Association is not restricted to natural persons.

Appellant also contends that business corporations and persons engaged in commercial ventures cannot become members of a non-profit corporation. This argument is contrary to the language of the statute (64-1904) which provides that these non-profit corporations may be organized under the act for *any lawful purpose or purposes.* We would expect agricultural or horticultural associations (authorized by the statute) to be composed of individuals or business corporations engaged in a particular line of activity and having as a motive a business profit. The italicized language is controlling

---

[1]In **Boone County v. Keck,** 31 Ark. 387, it was held that, though the word "person" includes corporations as well as natural persons, this is only true of such provisions as will allow signification to be given without violating the evident sense and meaning. The court said that when such a construction would render the code, which must be taken as a whole, ineffective, a departure must be made from the letter to give effect to the manifest intention of the Legislature.

and there is certainly nothing illegal about the formation of a private corporation to construct a water system. The system will provide benefits to its members only, these members being composed of farm families and business enterprises located in the area to be served. To say that benefits are unavailable to those members engaged in profit making ventures would defeat the purpose of the act itself. In fact, this is not the first instance where the General Assembly has used non-profit corporations as an instrument for assistance to industrial and commercial development. A very good example is Act 404 of 1955 (Ark. Stat. Ann. § 9-504—540 (Repl. 1956), which provides for the organization of local corporations, having for their purpose the rendering of assistance to businesses locating in the area.

We agree with the trial court that corporations or individuals engaging in commercial or industrial ventures for profit are not precluded from membership in these non-profit corporations.

Affirmed.