The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding Act 443 of 1987 which amends, inter alia, Sections 5 and 10 of Act 91 of 1953. You note in your request the various changes made under Act 443, and you ask specifically whether these provisions as amended apply to burial certificates issued before as well as after the effective date of the Act.
As a general rule, statutes are construed to operate prospectively only unless legislative intent that they be given retroactive operation clearly appears from the express language of the act, or by necessary implication. Myers v. Council Mfg. Corp.,276 F. Supp. 541 (E.D.Ark. 1967); Snuggs v. Board of Trustees of Arkansas State Emp. Retirement, 241 Ark. 402, 407 S.W.2d 933
(1966). This rule applies, as well, to amendatory acts. 82 C.J.S. Statutes 432. The rule against retroactive application does not, however, ordinarily apply to remedial or procedural statutes which do not disturb vested rights or create new legislation, but only supply a new or more appropriate remedy or procedure to enforce an existing right or obligation. Harrison v. Matthews, 235 Ark. 915, 917, 362 S.W.2d 704 (1962).
The foregoing principles indicate that Act 443 will be deemed to operate prospectively only, and therefore will not affect previously issued certificates. Sections 1 and 2 of the Act create new obligations and affect substantive rights. They cannot be construed as remedial or procedural in nature. It must also be noted that the Act on its face contains no statement of legislative intent with respect to its retroactive effect. It is, moreover, doubtful whether such intent may be implied from results achieved through retroactive application. The language of the Act offers no substantive basis for inferring this intent. And there is authority for the proposition that all doubt must be resolved against retroactive effect. 82 C.J.S. Statutes 414.
It must be concluded, based upon the foregoing, that the provisions of Act 443 do not apply to burial certificates issued before the Act's effective date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.