The Honorable Tim Hutchinson State Representative Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion on the following questions:
 1. Do Sections 4-28-212(a) and (b) as amended by Act 672 of 1989 apply to non-profit corporations in existence prior to the effective date of the Act? Or, is this a substantive change in the law that does not apply to non-profit corporations existing prior to the Act as the Act did not specifically provide that it would apply retroactively?
 2. Does Section 4-28-212(c) as amended by Act 672 of 1989 apply to non-profit corporations in existence prior to the effective date of the Act? Is this a procedural change in the law that does apply to non-profit corporations existing prior to the Act?
It is my opinion, in response to your first question, that subsection (a) of A.C.A. 4-28-212 (as added to 4-28-212 by Act 672 of 1989) would in all likelihood be deemed by a court to apply only to nonprofit corporations formed after the effective date of the amendment, i.e., March 20, 1989.
Although this is a close question, in the absence of judicial guidance on point, our conclusion is indicated by the general presumption that provisions added by an amendment affecting substantive rights are intended to operate prospectively. Lucas v. Handcock, Adm'x, 266 Ark. 142, 152-153, 583 S.W.2d 491 (1979), citing Sutherland Stat. Const. 22.36 (4th Ed). The difficulty posed by questions of this nature has been expressed as follows:
In dealing with the problem of retroactivity, it is extremely difficult to establish criteria upon which court decisions can be foretold. A statute must not act unreasonably upon the rights of those to whom it applies. What is reasonable and what is unreasonable is difficult to state in advance of actual decisions. `. . . the method to be pursued is not the unerring pursuit of a fixed legal principle to an inevitable conclusion. Rather it is the method of intelligently balancing and discriminating between reasons for and against.'. . . Particular cases are decided on their specific facts, in light of established principles.
Sutherland Stat. Const. 41.05 (4th Ed.).
The Arkansas Supreme Court has recognized the presumption against the retroactive application of a legislative act, (see, e.g., Snuggs v. Board of Trustees of Arkansas State Employees Retirement System, 241 Ark. 402, 407 S.W.2d 933 (1966), and has noted that legislation will not be construed as retroactive when it may reasonably be construed otherwise. Roberson v. Roberson, 193 Ark. 669,101 S.W.2d 961 (1937). These rules are particularly applicable, moreover, with reference to amendatory acts. Lucas v. Handcock, Adm'x, supra.
With regard to the new 4-28-212(a), an initial determination must be made concerning the particular interests or "rights" that may be impacted by the amendment. The former 4-28-212 stated, in pertinent part, that "[e]ach member shall be entitled to one (1) vote in the election of the board of directors." Section4-28-212(a), as added by Act 672 of 1989, now states:
 Each member shall be entitled to one (1) vote in the election of the board of directors. Where more than one membership is held by a single entity, the member shall be entitled to one vote for each such membership.
It is therefore apparent that Act 672 may effectively increase the number of votes of a member. (Membership in nonprofit corporations organized under the Arkansas Nonprofit Corporation Act is not limited to natural persons. Rohrscheib v. Barton-Lexa Waters Ass'n, 246 Ark. 145, 437 S.W.2d 230 (1969)). The number of members and the classes of members are as provided for in the articles of incorporation. A.C.A. 4-28-210(a). While one might contend that 4-28-212(a) does not affect the type of "vested right" ordinarily protected against retroactive application (see Sutherland Stat. Const. 41.05 (4th Ed.), concepts of fairness may compel a court to rule otherwise. Id. This approach is described in Sutherland Stat. Const. 41.05 as follows:
 Analysis of the practical considerations influencing the question whether a retroactive application of a new law is fair and just should afford more meaningful standards of judgment than either catchpenny phrases or the ambivalent concept of `vested.'. . . One of the fundamental considerations of fairness recognized in every legal system is that settled expectations honestly arrived at with respect to substantial interests ought not be defeated.
It may be successfully contended in this instance that expectations surrounding the classes of members as established in the articles of incorporation and the vote accorded each member under prior law compel a prospective application of the amendment reflected in 4-28-212(a). While a conclusive determination may depend upon a factual development of the likelihood, nature, and degree of expectations claimed to have been arrived at in reliance on prior law, it is my opinion that the factors would in all likelihood weigh in favor of the amendment's applicability to nonprofits formed after the 1989 act's effective date.
Your first question also involves subsection (b) of 4-28-212, as added by the 1989 act. This subsection states:
 On such other matters as may be subject to vote of the members, the voting right shall be as provided in the articles of incorporation or bylaws.
Section 4-28-212, as formerly constituted, contained this language. The new subsection (b) thus appears to be a reenactment of that part of the law. Since provisions of the original act which are reenacted in the amendatory act are generally considered a continuation of the original law, (Sutherland Stat. Const. 22.36 (4th Ed)), it may be concluded that 4-28-212(b) continues to apply to nonprofits in existence prior to the effective date of Act 672 of 1989.
It is my opinion that the answer to your second question is "yes." Subsection (c) of 4-28-212, as added by Act 672, establishes ". . . equality of treatment between nonprofit corporations and for-profit corporations as to proxy voting." Acts 1989, No. 672, 5 (Emergency Clause). Section 5 of the 1989 act reflects legislative intent "that proxy voting in the two types of corporations should be the same."
This expression of intent may be cited in support of the proposition that the legislature intended for the act to apply to all nonprofit corporations, including those in existence prior to the effect date of Act 672. This proposition may also be supported by reference to the general rule involving procedural matters. Voting by proxy may fall into the category of rights that are procedural in nature, due to the fact that this method of voting arguably does not disturb vested rights or create new obligations; rather, it supplies a new or different means for enforcing existing rights. See, generally, Sutherland Stat. Const. 22.36 (4th Ed.); State v. K.C.M. Ry. B. Co., 117 Ark. 606,174 S.W. 248 (1914); Harrison v. Matthews, 235 Ark. 915,362 S.W.2d 704 (1962). Provisions added by amendment that affect procedural rights are generally construed to apply retroactively. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.