The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, AR 72086
Dear Mr. Feland:
This is in response to Deputy Prosecuting Attorney Larry Cook's request for an opinion on a proposed Lonoke County ordinance. The ordinance involves the "screening" of junkyards, salvage yards, and automobile graveyards from the sight of passersby on "highways and roadways" of the county. Mr. Cook asks us to review the ordinance and to inform your office if there is any "problem" with it. He also states that his primary concern is whether the county "can force people presently in the salvage business to visibly block their places of business from highway visibility or if this ordinance can only apply to businesses and citizens after the date of its passage." He states his other concern as whether the penalty provisions can be increased for each subsequent offense.
We should point out initially that this office cannot, as a practical matter, undertake a general review of proposed county ordinances to determine if there is any "problem" with them. This function is more properly performed by the person or persons to whom the county ordinarily looks for legal advice. This counsel will be either the prosecutor or deputy prosecutor, (see A.C.A.14-14-903(b)(1)) or a private attorney employed by the county. (See A.C.A. 14-14-903(b)(2).)
We will, however, point out some relevant state law on the question, and attempt to shed some light on the two specific areas of concern mentioned by Mr. Cook.
The proposed ordinance attached to Mr. Cook's request roughly parallels A.C.A. 27-74-401 et seq. That provision of state law also prescribes requirements for screening "junkyards," "salvage yards," and "automobile graveyards" from highway travelers. Section 27-72-405(a) [27-74-405(a)] provides as follows: (a) Except as otherwise herein provided, no junkyards shall be established, operated, or maintained after June 29, 1967, any portion of which is within one thousand feet (1000') of the nearest edge of the right-of-way of any interstate, primary, or other state highway designated by the commission in the State of Arkansas unless the junkyards shall be screened by natural objects, plantings, fences, or other appropriate means so as not to be visible from the main-traveled way of the highway, or shall be removed from sight.
The statute above applies to junkyards within one thousand feet of any "interstate, primary, or other state highway designated by the commission." The proposed county ordinance purports to regulate all junkyards, salvage yards, or automobile graveyards within one thousand feet of any highway or roadway in the county. It is thus conceivable that the proposed county ordinance will regulate some highways and roadways not covered by the state statute. The proposed ordinance, however, also attempts to regulate highways which are the subject of the state statute. In the latter instance, to the extent of any conflict, the state statute will govern. See A.C.A. 14-14-805(13). There are a few differences in the state statute and the proposed ordinance, some of which arise because the proposed ordinance does not parallel the 1989 amendments to the state statute. See A.C.A. 27-72-402 [?] (Supp. 1989).
Mr. Cook states as his first specific concern the question of whether the proposed ordinance can be applied to existing salvage businesses, or whether it may only be applied to businesses and citizens "after the date of its passage." We must note that it is unclear, from the language employed, whether the proposed ordinance seeks to regulate existing salvage businesses. The presumption is that legislation operates prospectively only, unless the intent of the law is clear. Snuggs v. Board of Trustees of Arkansas State Emp. Retirement System, 241 Ark. 402,407 S.W.2d 933 (1966). Even if the intention of the law-making body is clear as to retroactive application, the statute or ordinance may not unconstitutionally disturb "vested rights" or unconstitutionally impose new obligations. Alexander v. Lee Way Motor Freight, 15 Ark. App. 41, 689 S.W.2d 3 (Ark.App. 1985); U.S. v. Mashburn, 85 F. Supp. 968 (E.D.Ark. 1949). The proposed ordinance may have a constitutionally suspect operation if it is construed as applying to businesses now in existence. See specifically, Arkansas State Highway Commission v. Turk's Auto Corp., 254 Ark. 67, 491 S.W.2d 387 (1973). The ordinance makes no exception for existing businesses and does not "grandfather" them in in any way. Neither does it provide an adequate time period for existing businesses to comply with the new penal law. The state statute on the subject, however, at least provides a mechanism for the state to pay just compensation to certain junkyard owners whose establishments cannot be effectively screened or the screening of which would be economically infeasible. A.C.A. 27-74-407. The adoption of a similar legislative scheme by the county, applying to county roads and not providing for such compensation, or other reasonable exceptions, would in my opinion suffer from constitutional infirmities. See Turk's Auto, supra.
With respect to Mr. Cook's other concern, which is whether the penalty provisions of the ordinance can be increased for each subsequent offense, we must note initially that the ordinance does not contain any provision for the increasing of the penalty for subsequent offenses. We will point out, however, that if the ordinance is modified to reflect this concept, it will be subject to the provisions of A.C.A. 14-14-805(6) and 14-14-906(A)(2) (B)(i), which provide essentially as follows:
 A quorum court shall not have power to define an offense as a felony or to impose any fine or penalty in excess of five hundred dollars ($500) for any one (1) specified offense or violation, or double that sum for each repetition of the offense or violation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.