The Honorable Larry Cook Prosecuting Attorney 17th West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This is in response to your request for an opinion on three questions concerning a Lonoke County ordinance regulating certain salvage or "junkyards."[1] You have indicated that the ordinance requires certain junkyards to be properly screened from the view of secondary highways and roadways in the county. The county ordinance in this regard is similar to a state statutory scheme requiring the screening of junkyards from the view of state highways. See A.C.A. §§ 27-74-401 to -408 (Repl. 1994). The state statute makes such conduct a nuisance and give the Arkansas State Highway Commission the authority to enforce the statutes. Your three questions in this regard are as follows:
 1. Instead of making the prohibited action listed in the ordinance a public nuisance (Section 6) does the Arkansas constitution or state law allow the Quorum County to declare such activities a misdemeanor or criminal offense and impose a fine upon individuals violating this ordinance?
 2. Must the ordinance allow individuals presently in violation of the ordinance a period of time to comply with the provisions of this ordinance or may the ordinance require them to comply upon the date the ordinance becomes effective?
 3. Will the answer to the above question be the same if the penalty for violation of the ordinance were a misdemeanor or public nuisance?
In initial response to your questions, I am enclosing a copy of Op. Att'y Gen. 90-038, issued by a previous administration, but with which I concur, which addresses similar issues with regard to a proposed Lonoke County ordinance.
In specific response to your first question, it appears that the Lonoke County Quorum Court does have the authority to declare the conduct described a misdemeanor. Amendment 55 to the Arkansas Constitution states that: "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Section14-14-805(6) prohibits county quorum courts from "defin[ing] as an offense conduct made criminal by state law. . . ." It does not appear, however, that the conduct described is made criminal by state law. The keeping of certain unscreened junkyards near state highways is made a nuisance by state law, but is not made criminal. It appears, therefore, that the answer to your first question is "yes."
In response to your second question, I suggest that your refer to Op. Att'y Gen. 90-038 and Arkansas State Highway Commission v. Turk's AutoCorp., 254 Ark. 67, 491 S.W.2d 387 (1973) for illumination on this point. It appears that the Arkansas Supreme Court will take a very strict view of the regulation of lawfully existing businesses in this manner. The Arkansas Supreme Court noted in Turk's Auto that in some circumstances the operation of the similar state statutory scheme could operate as a "taking" for eminent domain purposes, thus requiring the payment of "just compensation." In fact, the state statutory scheme provides for the payment of just compensation for the removal, relocation or disposal of a junkyard where the screening of the junkyard is not possible or economically feasible. See A.C.A. § 27-74-407. It appears, therefore, that some exceptions to the ordinance's requirement will be necessary in order to render it constitutional in all applications. The nature and extent of any exceptions in this regard is a decision for the Quorum Court, with the advice of its regular counsel.
It is my opinion that the answer to your third question is "yes." The constitutional issues will arise regardless of whether the County seeks to enforce the provisions of the ordinance through the nuisance avenue, and thus through litigation, or through the criminal prosecutorial avenue. Cf. Bachman v. State, 235 Ark. 339, 359 S.W.2d 815 (1962).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Actually, two ordinances are attached to your request. The first ordinance was enclosed with your original request and is a draft or blank form ordinance which does not appear to have been adopted. This ordinance designates improperly screened junkyards a "nuisance" and states that the right is conferred to enforce its provisions by restraining order, mandatory injunction, or other appropriate remedy for abatement of the nuisance. The latter ordinance was sent to this office by later separate correspondence from you, and is titled "Ordinance 2-1990." It appears to have been adopted by Lonoke County in 1990 and makes the keeping of an improperly screened junkyard a misdemeanor.