The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion regarding Act 402 of 1997, which pertains to county and city public libraries. Your specific questions are as follows:
 1. Does Act 402 of 1997 preclude a city of less than first class from creating a municipal library?
 2. Since Act 402 of 1997, Sections 7 and 8, refer to cities of the first class being able to establish a public library and appoint a municipal library board to oversee operations, will the municipal libraries and boards of the towns in our region which are not first class cities need to be dissolved when Act 402 becomes effective, or will they continue to be legal under prior law?
 3. If there are executed agreements in existence, does Section 14 of Act 402 require them to go through a new contract renewal process?
4. What is the effective date of Act 402 of 1997?
It is my opinion that the answer to your first question is "yes," as to a city of less than first class which has not established a municipal library prior to the effective date of Act 402, i.e., August 1, 1997. (See response to Question 4, below, regarding the effective date.) This necessarily follows, in my opinion, from Act 402's amendment of A.C.A. §13-2-501(a), which formerly provided that "[t]he city council or properly constituted municipal authorities may by ordinance establish and maintain a public library or reading room for the use and benefit of the inhabitants of the city." See A.C.A. § 13-2-501(a) (Repl. 1995). This subsection is amended by Section 7 of Act 402 to state in relevant part that "[t]he city council or governing body of any city of the firstclass may by ordinance establish and maintain a public library for the use and benefit of the inhabitants of the city. . . ." Acts 1997, No. 402, § 7 (emphasis added).
This office previously opined that a city of the second class in all likelihood has the authority under A.C.A. § 13-2-501(a) (Cum. Supp. 1993) to establish and maintain a public library. Op. Att'y Gen. 94-289 (copy enclosed). This conclusion was reached notwithstanding the absence of any mention of cities of the second class in subsection (a), under the view that the legislature could easily have restricted the subsection to cities of the first class had it so intended. Id. at 1.
It appears that the legislature has now so restricted this provision. The legislative history of § 13-2-501(a) thus compels the conclusion that the answer to your first question is "yes."
It is my opinion in response to your second question that Act 402 does not mandate the dissolution of any municipal library or library board which was lawfully established prior to the act's effective date. Such libraries and boards will, in my opinion, continue to be legal.
This conclusion follows from the general presumption against retroactive application of a legislative act. See Snuggs v. Board of Trustees ofArkansas State Employees Retirement System, 241 Ark. 402, 407 S.W.2d 933
(1966). If an intent for retroactive application is clearly expressed or necessarily implied, then such intent will be given effect. Seegenerally Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). But if there is no such indication of legislative intent, then the enactment will be deemed to apply prospectively only, particularly when it may reasonably be construed otherwise. See generally Lucas v. Handcock,266 Ark. 142, 583 S.W.2d 491 (1979).
A review of Act 402 yields no language from which it can be fairly implied that municipal libraries and library boards lawfully established prior to the act must be dissolved. There is no suggestion that the legality of such libraries and boards will not continue to be recognized.
With regard to your third question concerning the need to renew existing regional library agreements or contracts, it is my opinion that the answer will depend upon whether the particular executed agreement is in written format. Section 14 of Act 402 does not, in my opinion, require that written executed agreements go through a new contract renewal process. This conclusion is based upon the fact that the renewal requirement in Section 14 applies to agreements or arrangements "which are not in written format. . . ." Section 14 states:
 On and after the effective date of this act, all county public libraries created under the authority of Arkansas Code §§ 13-2-401, et seq., and all city public libraries created under the authority of Arkansas Code §§ 13-2-501, et seq., which have entered into interlocal cooperation agreements or any other formal or informal or contractual arrangements to form a joint city-county library, a regional library or library system, or any other form of multiple jurisdiction library system which are not in written format shall, within one (1) year, formalize and renew in writing all such agreements and contractual arrangements among the libraries. [Emphasis added.]
Thus, following the language emphasized above, if the "executed agreements" referenced in your question are in written format, no renewal is necessary.
With regard to any existing agreements which are not in writing on the effective date of Act 402, I believe Section 14 will require that such agreements be formalized and renewed in writing within one (1) year of the act's effective date. This follows, in my opinion, from the plain language of Section 14, which requires that "[o]n and after the [act's] effective date," all libraries "which have entered into" any non-written agreements or arrangements "shall, within one (1) year," put such agreements in writing. Section 14 thus clearly encompasses all libraries which, on the effective date of Act 402, have entered into non-written agreements. See generally Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1984) (the plain meaning of a statute will control in the absence of any indication of a different legislative intent). The phrase "within one (1) year" must, moreover, as to such libraries, be construed to mean one year "after the effective date of this act. . . ." Such libraries must, therefore, within the required time, formalize and renew in writing any executed, non-written agreements.
In response to your final question, the effective date of Act 402 is August 1, 1997. See Op. Att'y Gen. 97-144 (acts of the 81st General Assembly with no emergency clause or specified effective date become effective on August 1, 1997).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh