LIBERTY MUTUAL INSURANCE COMPANY
and Film Transit *v.* Randall CHAMBERS

CA 01-424                                          64 S.W.3d 775

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered January 9, 2002

*Friday, Eldredge & Clark*, by: *Guy Alton Wade*, for appellants.

*The Blagg Law Firm*, by: *Brad A. Cazort*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This is a workers' compensation case in which appellee, Randall Chambers, sustained an admittedly compensable injury on August 20, 1999. He was injured in a automobile accident, and as a result of those injuries both of his legs were amputated. He was fitted with prostheses, but relies primarily upon a wheelchair because he has little or no balance without the use of assisted devices and can only walk ten to fifteen feet with the use of a walker. Appellants, Liberty Mutual Insurance Company and Film Transit, paid to have appellee's 1986 Lincoln Continental equipped with a wheelchair rack and hand controls in spite of the fact that the prosthetic laboratory and Baptist Health Rehabilitation Institute both found that these modifications would not be sufficient. The modifications were, in fact, not successful because appellee was not able to put the wheelchair on the rack and walk to the driver's side of the vehicle. Moreover, in order to drive the vehicle, he had to remove his prostheses. Consequently, appellee's wife quit her job to assist him.

Appellee contended that he was entitled to a wheelchair-accessible, hand-controlled van. Appellants countered that they were only responsible for the cost of converting a van to wheelchair accessibility, not for the van itself. They also sought credit for the hand-control/rack modifications that they had already made to appellee's car. The Commission found in favor of appellee with respect to appellant being obligated to provide a "suitable van" and the necessary modifications, and in favor of appellants with respect

to being entitled to a credit against liability equal to the present value of the claimant's 1986 Lincoln. Both parties appealed. We affirm on direct-appeal and reverse on cross-appeal.

■■ The primary issue before us on direct appeal is whether appellee is entitled to a hand-controlled, wheelchair-accessible van pursuant to Arkansas Code Annotated section 11-9-508(a) (Repl. 1996). This statute provides:

> (a) The employer shall promptly provide for an injured employee such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine, crutches, *ambulatory devices*, artificial limbs, eyeglasses, contact lenses, hearing aids, and *other apparatus as may be reasonably necessary in connection with the injury received by the employee.*

(Emphasis added.) Section 11-9-508(a) was amended by the 1993 act and no longer ties "apparatus" to medical services, but rather "other apparatus as may be reasonably necessary in connection with the injury received by the employee." The Commission determined:

> At any rate, we modify the Administrative Law Judge's decision to the extent that we find the respondents liable for the cost of a suitable van (not necessarily a new van) and for the costs of van modifications. We also find that the respondents are entitled to a credit against liability equal to the present value of the claimant's 1986 Lincoln.

Moreover, as noted by at least one Commissioner, the undisputed testimony was that appellee could not afford to purchase a van; therefore, interpreting the statute as argued by appellants would essentially eliminate recovery of such benefits by appellee because he could not afford to purchase the vehicle itself. We will not overturn an administrative agency's interpretation of a statute unless it is clearly wrong. *Byars Constr. Co. v. Byars,* 72 Ark. App. 158, 34 S.W.3d 797 (2000). We find that the Commission's interpretation of this statute with respect to appellants' liability for providing a suitable van is not clearly wrong.

■ On cross-appeal, Chambers contends that the Commission erred in giving Liberty Mutual and Film Transit credit for the value of the 1986 Lincoln, which would include the cost of placing the rack and hand controls on the vehicle owned by him at the time of his injury. We reverse on cross-appeal because we find that the

Commission was clearly wrong in its interpretation of Arkansas Code Annotated section 11-9-508(a) (Repl. 1996), which requires that the employer promptly provide such apparatus as may be reasonably necessary in connection with the injury received. Based upon the findings of the prosthetic laboratory and Baptist Health Rehabilitation Institute, cross-appellees knew or should have known that their expenditures for modifying the Lincoln would not meet Chambers's needs. Consequently, they are not entitled to a discount for insisting upon useless measures that needlessly delayed Chambers's prompt receipt of reasonably necessary apparatus.

Affirmed on direct appeal; reversed on cross-appeal.

GRIFFEN, NEAL, VAUGHT, and CRABTREE, JJ., agree.

PITTMAN, HART, JENNINGS, and BIRD, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. Certainly the result reached by the majority in this case is an equitable one, but the question is one of law not equity. The question is what does this statute mean. Does a specially equipped van qualify as an "other apparatus" within the meaning of the statute?

In interpreting a statute, we try to ascertain the intention of the legislature. *Jackson v. Blytheville Civ. Serv. Comm'n*, 345 Ark. 56, 43 S.W.3d 748 (2001). It was formerly the rule in this state, as it apparently still is in all other states, that workers' compensation statutes, being remedial legislation, should be liberally construed. In 1993, the General Assembly passed Act 796, which includes the provision at Ark. Code Ann. § 11-9-704(c)(3), mandating that workers' compensation laws should now be "strictly construed." The legislature declared:

> When, and if, the workers' compensation statutes of this state need to be changed, the General Assembly acknowledges its responsibility to do so. It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any administrative law judge, the Workers' Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. In the future, if such things as the statute of limitations, the standard of review by the Workers' Compensation Commission or courts, the extent to which any physical condition, injury, or disease should be excluded from or added to coverage by the law, or the scope of the workers' compensation statutes need to be liberalized, broadened, or narrowed, those

things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts.

Ark. Code Ann. § 11-9-1001 (Repl. 1996).

All of the "rules of statutory construction" are, at least in theory, aids to determining legislative intent. The judge-made doctrine of *ejusdem generis* is one of the more helpful rules of construction. When general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. *Hanley v. Arkansas State Claims Commission*, 333 Ark. 159, 970 S.W.2d 198 (1998).

In Ark. Code Ann. § 11-9-508(a), "other apparatus" are general words following a specific enumeration. "Ambulatory devices" surely means wheel chairs or the like. Can it fairly be said that a specially-equipped van is "similar in nature" to wheel chairs, crutches, and hearing aids, regardless of the requirement of strict construction?

The majority finds no Arkansas cases to help us with the problem at hand, and I agree there are none. Why then would we not want to consider decisions from other jurisdictions which are at least arguably directly in point?

In 1991 the Maryland Court of Appeals quoted Professor Larson's treatise on workers' compensation law:

> [A]s to specially-equipped automobiles for paraplegics, the cases have uniformly denied reimbursement, on the ground that an automobile is simply not a medical apparatus or device.

*R & T Constr. Co. v. Judge*, 594 A.2d 99 (Md. 1991); 2 A. Larson, *The Law of Workmen's Compensation* § 61.13(a), at 10-863 (1989). This was at a time when all states, including Arkansas, construed such statutes liberally. Since the decision in Maryland, the issue, in one form or another,[1] has been decided in a number of states. Relief has been denied in Colorado, *Bogue v. SDI Corp., Inc.*, 931 P.2d 477 (Colo. Ct. App. 1996) (van not "apparatus"); Florida, *Kraft Dairy Group v. Cohen*, 645 So.2d 1072 (Fla. Dist. Ct. App. 1994)

---

[1] The statutes vary from state to state.

(van not "other apparatus"); South Carolina, *Strickland v. Bowater, Inc.*, 322 S.C. 471, 472 S.W.2d 635 (1996) (van not "other treatment or care"); and Pennsylvania, *Petrilla v. Workmen's Compensation Appeal Board (People's Natural Gas)*, 692 A.2d 623 (Pa. Commw. Ct. 1997) (van not "orthopedic appliance"). The most persuasive decision is *City of Guntersville v. Bishop*, 728 So.2d 611 (Ala. 1998). There, as here, the issue was one of first impression. The Alabama Supreme Court analyzed the statute in question, its own rules of construction, and the decisions from other states. The court said:

> While we recognize our duty to liberally construe the statute, we must nonetheless hold that a motor vehicle does not come within the term "other apparatus" as that term is used in § 25-5-77(a).
>
> . . .
>
> If we held that the workers' compensation statute required reimbursement of a claimant's expenses where the sole purpose of those expenses was to enhance the claimant's independent functioning, we believe we would be dangerously disturbing the balance of interests that the Legislature built into the workers' compensation system.
>
> Our workers' compensation system was designed to provide limited, but guaranteed, benefits to employees injured on the job. In addition to those benefits, employers are required to pay for medical and rehabilitative treatment. However, we hold that those benefits do not include the purchase price of a motor vehicle.

There are four cases that could be said to support the view the majority takes: *Mississippi Transp. Comm'n v. Dewease*, 691 So.2d 1007 (Miss. 1997); *Brawn v. Gloria's Country Inn*, 698 A.2d 1067 (Me. 1997); *Manpower Temporary Servs. v. Sioson*, 529 N.W.2d 259 (Iowa 1995); and *Terry Grantham Co. v. Indus. Comm'n of Arizona*, 154 Ariz. 180 (Ariz. Ct. App. 1987). Each is distinguishable on several grounds and none is persuasive. It bears repeating that every state that has concluded that a van is not required under that state's workers' compensation law, has done so while following a rule of construction requiring the law to be liberally construed.

Perhaps the law should be as the majority says it is. Because I cannot reach the same conclusion under any reasonable method of analysis, I respectfully dissent. I am authorized to state that Judges PITTMAN, HART, and BIRD join in this dissent.