PUBLIC EMPLOYEE CLAIMS DIVISION, et al. *v.*
John H. KEYS

CA 06-382                                                         257 S.W.3d 570

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

[Rehearing denied June 6, 2007.*]

---

* GRIFFEN, J., would grant rehearing.

*The Zan Davis & McNeely Law Firm, PLLC,* by: *Steven R. McNeely,* for appellant.

*Robert L. Wilson,* Chief Counsel, and *William L. Wharton,* Staff Attorney, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee in this workers' compensation case became permanently and totally disabled in 1979 when he sustained an injury in the course of his employment with appellant that left him a paraplegic. Subsequently appellee filed a claim for additional benefits in the form of a hand-controlled, wheelchair-accessible vehicle. After a hearing, the Commission found that this benefit was reasonable and necessary and ordered that it be awarded to appellee. On appeal, appellants argue that the Commission erred because the applicable statute does not provide for the provision of such benefits.

Appellee was rendered a paraplegic in a 1979 injury suffered in the service of appellant. He has subsequently suffered the amputation of both legs in 2003 and a heart attack from a blood clot three days later. His medical condition is poor, his need for care is great, and his quality of life is drastically diminished. Nevertheless, we are duty-bound to reverse the Commission's award.

Appellee's benefits are governed by the law in effect at the time of his injury. In 1979, the applicable statute provided as follows:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing services, and medicine, *crutches, artificial limbs and other apparatus* as may be *reasonably necessary for the treatment of* the injury received by the employee.

Ark. Stat. Ann. § 81-1311 (Repl. 1976) (emphasis added). In the general revision of the Workers' Compensation Act that took place in 1993, the legislature revised this section so as to provide a broader range of ancillary medical services and supplies to injured workers:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine, crutches, *ambulatory devices*, artificial limbs, eyeglasses, contact lenses, hearing aids, and other apparatus as may be *reasonably necessary in connection with* the injury received by the employee.

Ark. Code Ann. § 11-9-508(a) (Supp. 2005) (emphasis added).

█ In *Liberty Mutual Insurance Co. v. Chambers*, 76 Ark. App. 286, 288, 64 S.W.3d 775, 776-77 (2002), we held that a hand-controlled van was an allowable benefit under the 1993 amendment because:

> Section 11-9-508(a) was amended by the 1993 act and no longer ties "apparatus" to medical services, but rather "other apparatus as may be reasonably necessary in connection with the injury received by the employee."

Under the reasoning of *Chambers*, the van was allowable only because of the 1993 amendment. However, the 1993 amendment, which provides benefits for ambulatory devices, is inapplicable in the present case. Here, we are limited to the language of the prior act, which allows provision only of apparatus that is reasonably necessary for treatment of the compensable injury. Although it is true that the prior act was to be construed liberally, liberal construction is only one of the tools of statutory construction. It is seldom conclusive in itself and will not be used to defeat the legislative purpose implicit in an act. *Arkansas Fire & Police Pension Review Board v. Stephens*, 309 Ark. 537, 832 S.W.2d 239 (1992). In light of the restriction of benefits for mechanical apparatus in the applicable statute to those necessary for treatment of injury, we hold that the provision of a private vehicle without restrictions on the use thereof cannot reasonably be deemed necessary for the treatment of appellee's injury.

Reversed and dismissed.

HART, GLADWIN, BIRD, and MARSHALL, JJ., agree.

ROBBINS, J., concurs.

GRIFFEN, VAUGHT, and MILLER, JJ., dissent.

JOHN B. ROBBINS, Judge, concurring. I concur with the majority in reversing the Commission's decision that requires appellant to provide appellee a hand-controlled, wheelchair accessible van; however, I would remand this claim for further proceedings rather than dismissing the claim altogether.

The prompt provision of medical services reasonably necessary for the treatment of a compensable injury was required of an employer under the law in effect in 1979. Ark. Stat. Ann. § 81-1311. It could not reasonably be contended that transportation for an injured employee to and from his medical services providers is not reasonably necessary for the treatment of his injury.

The evidence in the instant appeal does not suggest that appellee limited the use of his van solely for traveling to and from his medical services providers. Under these circumstances I am of the opinion that appellant should not be responsible for appellee's non-medical use of his van. We have precedent for directing the Commission to apportion the gross cost of a benefit between that portion attributable to those services and apparatus required to be furnished by § 81-1311 and that portion attributable to services for which the employer is not liable. *Pine Bluff Parks & Recreation v. Porter*, 6 Ark. App. 154, 639 S.W.2d 363 (1982). I submit this is what we should do in this case with respect to the wheelchair accessible van, rather than dismiss appellee's claim outright.

For these reasons I would reverse and remand this appeal to the Commission for further proceedings.

BRIAN S. MILLER, Judge, dissenting. I disagree with the majority's interpretation of *Liberty Mutual Insurance Co. v. Chambers*, 76 Ark. App. 286, 288, 64 S.W.3d 775, 777 (2002), because that case simply provides that an employee injured after the 1993 amendment to the Workers' Compensation Act may be awarded a wheelchair-accessible van. In *Chambers*, we did not determine the rights of claimants injured before the 1993 amendment, and we certainly did not address whether an employer is required to "replace" a wheelchair accessible van that it had agreed to provide a permanently disabled employee.

Appellee was injured in 1979 and appellant provided him with a wheelchair-accessible van in 1991, because "he needed a van." Appellant never objected to providing the van and never refused anything that was required to equip the van. The van now has 189,000 miles on it and is inoperable. Appellant recently paid to have hand controls installed in a vehicle owned by appellee's wife and has agreed to pay for any modifications to that vehicle. Appellee, however, has great difficulty transferring between his wheelchair and his wife's vehicle and now has no transportation during the day while his wife is at work.

The Commission ordered appellant to replace appellee's van because it determined that the van was "other apparatus as may be reasonably necessary for the treatment of the injury received by the employee." Ark. Stat. Ann. § 81-1311 (Repl. 1976). It is well settled that we "will not overturn an administrative agency's interpretation of a statute unless it is clearly wrong," *Chambers*, 76 Ark. App. at 288, 64 S.W.3d at 777, and I believe this interpretation of section 81-1311 is not "clearly wrong." In fact, the Commission's reading of the statute is quite reasonable considering that this statute was, at that time, highly remedial and was to be interpreted liberally, with doubtful cases being resolved in favor of allowing benefits. *Elm Springs Canning Co. v. Sullins*, 207 Ark. 257, 180 S.W.2d 113 (1944). Indeed, the Commission was required to act as a jury and to take a liberal view of the evidence in favor of the statute's purpose of compensating those who came within its terms or who by reasonable construction were within it. *See Stout Constr. Co. v. Wells*, 214 Ark. 741, 217 S.W.2d 841 (1949).

By reversing the Commission's decision, we are disregarding our duty to apply a liberal construction to the statute and to resolve this case in favor of allowing benefits. *See Elm Springs, supra.* The majority is indeed making the mistake of substituting its judgment for that of the Commission and reversing because it would have reached a different result. *See Heptinstall v. Asplundh Tree Expert Co.*, 84 Ark. App. 215, 137 S.W.3d 421 (2003).

While I believe a liberal reading of the statute, as required by legal precedent, favors affirming the Commission's decision, I also believe appellant should be estopped from denying its obligation to replace the van it purchased for appellee in 1991. *See, e.g., Thompson v. Washington Reg'l Med. Ctr.*, 71 Ark. App. 126, 27 S.W.3d 459 (2000). For fifteen years, appellant has failed to object to providing appellee with a wheelchair-accessible van. To explain its recent actions, appellant's adjuster testified that she assumed

appellee's file in 2000 and that the previous case manager made the decision to provide the funds to purchase the van. She further testified that

> our position is that we don't purchase vans and aren't obligated to purchase vans, in that particular case it was the more cost effective route to go. There was no intent to establish a pattern of buying vans. It was an exception for that particular circumstance.

The adjuster's testimony is unpersuasive. She was not the case manager in 1991, and she could not know what the previous case manager's intentions were regarding whether the van would be replaced.

Finally, appellee is severely prejudiced by appellant's recent objection to replacing the van. Appellant relies on this van for all transportation, which presumably includes transportation to and from medical visits. Because he receives only $106.12 per week in benefits, it will be extremely difficult for him to afford to replace this van. If appellant had informed appellee in 1991 that it would not replace the van, appellee could have planned for this day. Instead, appellant waited fifteen years and, during that time, led appellee to believe that all of his transportation needs would be covered. Now, without warning, appellant has unjustifiably pulled the plug on appellee.

For these reasons, I dissent. I am authorized to say that Judges Griffen and Vaught join in this dissent.