

# ARKANSAS COURT OF APPEALS

### DIVISION III
**No.** CV–16–909

| | |
|---|---|
| LAWRENCE GARY TURNER<br>APPELLANT<br><br>V.<br><br>SOUTHERN ALLOY & METALS CORP., TRANSPORTATION INSURANCE CO., AND DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND<br>APPELLEES | **Opinion Delivered** May 3, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. C501557]<br><br><br><br><br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Is a person who is permanently and totally disabled due to a work-related injury entitled to have the former employer purchase a new van to accommodate an electric wheelchair? Apparently, the answer to this question depends on the date of the injury and which version of the Arkansas workers'-compensation statute applies. This appeal asks our court to decide whether appellant Lawrence Turner is entitled to have his former employer, appellee Southern Alloy & Metals Corp. ("Southern Alloy"), purchase him a new van that is compatible with Turner's electric wheelchair. The Administrative Law Judge (ALJ) found that he is not, and the Arkansas Workers' Compensation Commission ("the Commission") affirmed the ALJ's decision. Based on our prior opinion in *Public Employee Claims Division v. Keys*, 99 Ark. App. 77, 257 S.W.3d 570 (2007), we must affirm the Commission.

SLIP OPINION

The facts in this appeal are essentially undisputed. Turner was employed by Southern Alloy in 1975 when he suffered a compensable injury that rendered him permanently and totally disabled, a paraplegic, and unable to perform mobility-related activities of daily living. Since his injury, he has been confined to a wheelchair. In 2012, Turner requested and was provided with a lightweight specialized wheelchair. Since that time, however, Turner developed significant pain and "overuse syndrome" in his upper extremities as a result of his wheelchair use.

In 2014, Turner was evaluated at Craig Hospital in Englewood, Colorado. As a result of that evaluation, Dr. Cherisse Tebben recommended that Turner be provided with a power-tilt wheelchair. In order to accommodate this new, larger wheelchair, Dr. Tebben advised "that a new modified van is necessary to accommodate for safe and consistent passenger transfer." In an accompanying "letter of medical recommendation," Dr. Tebben opined that a modified van was "indicated to allow for this patient to continue with independent driving status while seated in his power wheelchair. . . . Th[is] item[ ] is medically recommended due to Lawrence's neurological deficits[.]" Turner also obtained a prescription for an "independent driver van."

Turner requested such a van from Southern Alloy, which declined to provide it. Turner then sought a hearing before the ALJ, contending that the van was a medical necessity to which he was entitled. Southern Alloy responded that Turner had a van that had been fully modified and equipped to accommodate his medical condition. Southern Alloy also asserted that, "[a]ssuming without conceding that that van has exceeded its useful life, . . . [Southern

Alloy's] obligation would be limited to modifying and appropriately equipping a new van or vehicle secured by [Turner]."

After the parties briefed the issue, the ALJ issued an opinion in which it found that Turner had failed to sustain his burden of proof. Specifically, the ALJ found that Turner's injury, which occurred in 1975, was governed by Arkansas Statute Annotated section 81-1311 (Repl. 1976). The ALJ determined that the van requested by Turner was not an "apparatus" that was "reasonably necessary for the treatment of his injury" pursuant to this statute. Turner appealed the ALJ's decision to the full Commission, which adopted and affirmed the ALJ's opinion in a 2–1 decision. Turner filed a timely notice of appeal from the Commission's decision, and he now argues to this court that under section 81-1311, he proved his entitlement to the new van as being reasonably necessary for the treatment of his injury.

This court has twice before addressed the issue of whether a permanently and totally disabled person is entitled to have his or her former employer purchase a new van to accommodate the use of an electric wheelchair. In *Liberty Mutual Insurance Co. & Film Transit v. Chambers*, 76 Ark. App. 286, 64 S.W.3d 775 (2002), we decided this issue under Arkansas Code Annotated section 11-9-508(a), the current version of the workers' compensation statute.[1] Since 1993, the current version of the statute has declared as follows:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine, crutches, ambulatory devices, artificial limbs, eyeglasses, contact lenses, hearing aids, and other apparatus *as may be reasonably necessary in connection with the injury received by the employee.*

---

[1] Act 796 of 1993 was codified into 11-9-508(a), the current version of the statute.

Ark. Code Ann. § 11-9-508(a) (Repl. 2012) (emphasis added).

In *Chambers*, the employee was injured subsequent to the 1993 amendment to the statute and, as a result of a compensable injury, was rendered a wheelchair-bound double-amputee. This court held that section 11-9-508(a) "no longer tie[d] 'apparatus' to medical services, but rather 'other apparatus as may be reasonably necessary in connection with the injury received by the employee.'" *Id*. at 288, 64 S.W.3d at 776–77. As a result, this court concluded that Chambers was entitled to a hand-controlled, wheelchair-accessible van because the van was determined to be "reasonably necessary in connection with the injury."

In *Public Employee Claims Division v. Keys*, 99 Ark. App. 77, 257 S.W.3d 570 (2007), this court decided whether a permanently and totally disabled person was entitled to have his former employer purchase a new van to accommodate an electric wheelchair under section 81-1311. Prior to 1993, section 81-1311 provided that an employer "shall promptly provide for an injured employee such medical, surgical, hospital and nursing services, and . . . other apparatus *as may be reasonably necessary for the treatment of the injury received by the employee*." (Emphasis added.)

The *Keys* court held that an employee injured prior to the 1993 amendment was not entitled to a wheelchair-accessible vehicle. There, the employee, Keys, was left a paraplegic by a compensable work-related injury in 1979. Sometime during the 2000s, he filed a claim for additional benefits in the form of a hand-controlled, wheelchair-accessible vehicle. Although the Commission found that this benefit was reasonable, this court reversed, distinguishing *Chambers*, *supra*:

SLIP OPINION

Under the reasoning of *Chambers*, the van was allowable only because of the 1993 amendment. However, the 1993 amendment, which provides benefits for ambulatory devices, is inapplicable in the present case. Here, we are limited to the language of the prior act, which allows provision only of apparatus that is reasonably necessary for treatment of the compensable injury. Although it is true that the prior act was to be construed liberally, liberal construction is only one of the tools of statutory construction. It is seldom conclusive in itself and will not be used to defeat the legislative purpose implicit in an act. [Citation omitted.] In light of the restriction of benefits for mechanical apparatus in the applicable statute to those necessary for treatment of injury, we hold that the provision of a private vehicle without restrictions on the use thereof cannot reasonably be deemed necessary for the treatment of appellee's injury.

*Id.* at 79, 257 S.W.3d at 571–72.

Here, it is undisputed that Arkansas Statute Annotated section 81-1311, rather than the current version of the workers' compensation statute, applies. *See, e.g.*, *Ellison v. Therma-Tru*, 66 Ark. App. 286, 290, 989 S.W.2d 927, 929 (1999) (noting that workers'-compensation cases are governed by the law in effect at the time of the employee's injury). Based on the differences between the current and former statutes, the takeaway from *Chambers*, *supra*, and *Keys*, *supra*, is that an employee rendered permanently and totally disabled prior to 1993 is not entitled to have his former employer purchase a vehicle to accommodate a wheelchair, while an employee receiving similar injuries after 1993 may be entitled to such relief.

Nonetheless, Turner attempts to distinguish *Keys*. He cites the evidence introduced below, including the letter of medical recommendation and the prescription for the van, noting Dr. Tebben's opinion that the van is "medically recommended." He argues that this evidence clearly shows that the van was reasonably necessary for the treatment of his injury and that the Commission erred in finding otherwise. He further directs our attention to the dissenting Commissioner, who commented that "if the claimant is confined to a wheelchair,

and if the vehicle available to the claimant does not accommodate the claimant in his wheelchair, then the claimant is confined to his home and cannot attend medical appointments or receive treatment or evaluations." Southern Alloy responds that Turner's case is indistinguishable from *Keys* and notes that, even as the court in that case expressed sympathy for the appellant's plight, it nonetheless concluded that he was not entitled to a wheelchair-accessible van under the former statute.

On appellate review, our court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Pratt v. Rheem Mfg.*, 2013 Ark. App. 577. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* When the Commission denies a claim because of the claimant's failure to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if it displays a substantial basis for the denial of relief. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008). The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. *Moore v. Ark. State Highway & Transp. Dep't*, 2013 Ark. App. 752.

Like the court in *Keys*, we are sympathetic to Turner's argument; however, we "are duty-bound" to conclude that the van is not reasonably necessary for the treatment of Turner's injury. *Keys*, 99 Ark. App. at 78, 257 S.W.3d at 571. Our interpretation of the statute in that case is controlling here, and we must therefore affirm.

6

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Frederick S. "Rick" Spencer*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Lee J. Muldrow* and *Gary D. Marts, Jr.*, for appellees.